HOLZMAN COHEN & CO., Inc., v. TEAGUE.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. BILLS AND NOTES ⬤➟382—NEGOTIABLE INSTRUMENTS—LIABILITY OF MAKER —STATUTE.

Under Negotiable Instruments Law (Consol. Laws c. 38), § 34, providing that, where an incomplete instrument has not been delivered, it will not, if completed and negotiated without authority, be a valid contract in the hands of any holder as against any person whose signature was placed thereon before delivery, where notes signed by defendant were stolen from his possession while incomplete as to date, payee, and amount, he not being guilty of negligence in their use contributing in any way to their being stolen, such notes were not valid obligations in the hands of a holder in due course.

[Ed. Note.—For other cases, see Bills and Notes. Cent. Dig. § 955; Dec. Dig. ⬤➟382.]

2. BILLS AND NOTES ⬤➟368—DELIVERY TO HOLDER IN DUE COURSE—APPLICATION OF STATUTE.

Negotiable Instruments Law, § 35, providing that a valid delivery of a note by all parties prior to a holder in due course to make them liable to him is conclusively presumed, applies only to complete instruments, and must be construed with section 34, providing that an undelivered, incom-

plete instrument will not, if completed and negotiated without authority, be a valid contract in the hands of any holder against any person whose signature was placed thereon before delivery.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 949, 950; Dec. Dig. ☜368.]

3. ESTOPPEL ☜96—NEGLIGENCE—DELIVERY OF NOTE.

Where a physician signed notes in blank and left them on his desk in his office, he was not guilty of negligence, estopping him from claiming there was no delivery as against a holder in due course to whom the notes were negotiated by a party who stole and completed them.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 288; Dec. Dig. ☜96.]

4. APPEAL AND ERROR ☜1175(1)—DETERMINATION—APPEAL FROM DIRECTED VERDICT—DISMISSAL.

If the trial court denies plaintiff's motion for a directed verdict, plaintiff has the right to offer evidence to rebut the defense evidence, and therefore, where the trial court on motion erroneously directed verdict for him, dismissal of the complaint by the Appellate Term, on reversing, was improper, under Code Civ. Proc. § 1317.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573, 4575, 4576, 4583–4587; Dec. Dig. ☜1175(1).]

Appeal from Appellate Term, New York County.

Action by Holzman Cohen & Co., Incorporated, against Edward P. Teague. From a determination of the Appellate Term, reversing a judgment of the City Court for plaintiff and dismissing the complaint (156 N. Y. Supp. 290), plaintiff appeals. Determination of the Appellate Term modified, by striking out the provision dismissing the complaint and directing that a new trial be had, and, as modified, affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Charles Goldzier, of New York City, for appellant.
Nathan F. Giffin, of New York City, for respondent.

DAVIS, J. This action was brought in the City Court to recover damages for the nonpayment of 13 promissory notes of various dates for the sum of $40 each, payable seven days after date to the order of the Universal Welding & Manufacturing Company. Each note was indorsed in the name of the payee by H. R. Kiroack, vice president and treasurer.

The defendant concedes for the purposes of this appeal that the notes were received by the plaintiff for value, before maturity, and without notice of any defects. The defendant for answer sets up a general denial of the making, indorsement, and delivery of the notes, and alleges as a defense to each cause of action that on or about May 1, 1915, he had signed in blank a number of incomplete promissory notes, bearing the name of no payee, without any date, and without any amount; that these notes had been left by him in this incomplete state on his desk in his office at 342 West Fifty-Eighth street; that the notes in this incomplete form had been stolen from defendant by Kiroack, the person whose name appears on the back of the notes as vice president and treasurer of the Universal Welding & Manufacturing Company. The answer further alleges that there had

never been any delivery of the notes set forth in the complaint, either by the defendant or by any one authorized by defendant to make delivery therof.

The promissory notes were admitted in evidence at the trial, and the defendant conceded that they were signed by him. After proving the indorsement, the negotiation by the payee, demand, nonpayment, protest, and notice of protest, the plaintiff rested. Thereupon defendant made a motion to dismiss the complaint, which was denied. Thereupon the defendant testified that he was a physician living at 324 West Fifty-Eighth street. His counsel then asked him to state whether the date, payee, and amount in the body of the note were in his handwriting. The plaintiff objected to this question, and it was not answered; the plaintiff agreeing to make a concession as to what the defendant's testimony would be in support of his defense. The plaintiff thereupon conceded that the witness would testify, as to each note, that it had been signed upon a printed blank, without date, name of payee, or amount, and that they had been left on the defendant's desk, and were stolen by the treasurer of the payee, and that the only part of the notes in defendant's handwriting is the signature; that the defendant was about to authorize one Boyer to fill in the notes, but that they never came into Boyer's possession; and that defendant never authorized their completion. The defendant testified, further, that he never gave the notes to Boyer, that Boyer never had the notes in his possession, and that the body of the notes was in the handwriting of Kiroack, and that he never authorized Kiroack to fill in the notes. At this point the defendant's counsel said:

"That is as good a case as we could put in if we stayed here a week. There is only one question in the case, and it is a question of law."

The court took the same view, and held that the defendant had failed to make a valid defense against an innocent holder for value, and granted plaintiff's motion for the direction of a verdict. The defendant excepted to the ruling and moved to set aside the verdict on the usual grounds. This motion was denied and an exception noted. From the judgment entered on this directed verdict, and from the order denying the motion to set aside the verdict and for a new trial, the defendant appealed to the Appellate Term of the Supreme Court. The Appellate Term reversed the judgment and order, and dismissed the complaint. The plaintiff, by permission of this court, appeals from the determination of the Appellate Term. He claims, first, that the notes were valid obligations in the hands of the plaintiff as an innocent holder for value, under the provisions of the Negotiable Instruments Law; second, that the dismissal was erroneous in any event, because it was not upon the merits, but merely in the nature of a nonsuit; third, that the Appellate Term had no jurisdiction or authority to dismiss the complaint.

[1] Our first inquiry is whether these notes were valid obligations in the hands of the plaintiff. He was an innocent holder for value, but the instruments were never delivered by the defendant. They were stolen from his possession while incomplete as to date, payee,

and amount, and he was not guilty of any negligence in his use of them which contributed in any way to their being stolen. We think the evidence brings this case within the provisions of section 34 of the Negotiable Instruments Law:

"Where an incomplete instrument has not been delivered, it will not, if completed and negotiated without authority, be a valid contract in the hands of any holder, as against any person whose signature was placed thereon before delivery."

[2] The appellant relies upon section 35 of the Negotiable Instruments Law, and claims that under that section, he being a holder in due course, a valid delivery of the note by all parties prior to him, so as to make them liable to him, is conclusively presumed, and that section 34 does not apply. It has been held that section 35 applies only to completed instruments, and that it should be construed in connection with section 34, which deals with incomplete instruments such as those in the case at bar. See Linick v. Nutting & Co., 140 App. Div. 265, 125 N. Y. Supp. 93, and the cases there cited. In that case, the plaintiff had signed his name to a blank check, which was subsequently stolen from him, the name of a payee and an amount filled in, and then presented to the bank for certification. It was afterwards indorsed and passed to the defendant for value, who collected the amount of the check from the bank. The plaintiff took up the check from the bank and sued defendant as for money had and received. The court decided that the defendant obtained no title to the check as against the plaintiff, and that the case came within section 34 of the Negotiable Instruments Law.

[3] The signing of the blank notes in the case at bar and leaving them on the desk in his office was not negligence, such as would estop the defendant from claiming there was no delivery. See same case.

[4] We think the Appellate Term was right in reversing the judgment. But in the peculiar circumstances of this case we think the Appellate Term ought not to have dismissed the complaint. In resting his case the defendant's counsel said:

"That is as good a case as we could put in if we stayed here a week. There is only one question in the case, and it is a question of law."

The court then said:

"That is all. It is: Is this a good defense against an innocent holder for value?"

The plaintiff's counsel assented, and moved for a directed verdict, which was granted. The defendant made no motion, except to set aside the verdict and for a new trial.

The only question before the trial court was the legal sufficiency of the defense, and the only question before the Appellate Term was the correctness of the ruling of the trial court on that single point. Doubtless this was the view taken by the defendant's counsel at the trial, since he made no motion to dismiss the complaint. Had the trial court denied, instead of granting, plaintiff's motion for a directed verdict, it was plaintiff's right to offer evidence to rebut the

defense evidence, for instance, showing a liability existing by reason of some waiver or estoppel. He certainly has not lost that right simply because the trial court decided erroneously the motion for a directed verdict. The Appellate Term having reversed the judgment of the trial court, the parties are left in the position where they would be, had the trial court decided correctly; that is, the defendant with a good defense, and the plaintiff with the right to introduce evidence to meet that defense, and both parties then with the right to submit their case to the jury. This disposition of the case is a full compliance with the provisions of section 1317 of the Code of Civil Procedure.

The determination of the Appellate Term is modified, by striking out the provision dismissing the complaint, and directing that a new trial be had, and, as modified, affirmed, with costs in all courts to appellant to abide the event. Settle order on notice. All concur.