COLONIAL DISCOUNT COMPANY, INCORPORATED, RE-
SPONDENT, v. RUDOLPH BURES, APPELLANT.

Decided February 26, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the appellant, *Levitan & Levitan* (*Abraham Levitan,*
of counsel).

For the respondent, *Green & Green* (*David Green,* of
counsel).

PER CURIAM.

This is an appeal by Rudolph Bures, from a summary
judgment entered in the Bergen County Circuit Court, in
favor of the plaintiff-respondent, and against the defendants
below, Rudolph Bures and Harry Heyman.

The plaintiff-respondent brought its action in the Bergen
County Circuit Court to recover from the defendants below,
the sum of $1,070.32, with interest from October 28th, 1926,
being the balance due on a promissory note made by the said
defendants below, on September 1st, 1926, for the sum of
$1,273.35 to the order of W. A. G. Motors Corporation, pay-
able at the office of the Colonial Discount Company, Brook-
lyn, in eleven equal monthly installments of $106.11 each,

and one installment of $106.12, said installments being payable one month apart.

It appears the note was given simultaneously with the purchase of an automobile, by the defendants below, from the W. A. G. Motors Corporation, and represents the balance due on the purchase price.

An answer was filed by the defendant-appellant, Bures, in the action, in which answer he sets up as his first separate defense that the plaintiff is not a holder in due course of the note mentioned and sued upon in the complainant's complaint.

In the second separate defense, defendant-appellant sets forth that the note sued upon and mentioned in the plaintiff's complaint, was obtained by fraud and duress. And in the third separate defense he alleges there is no consideration for the note sued upon and mentioned in the complaint.

Notice was given by counsel of plaintiff to defendant's counsel to strike out the answer upon the ground that it was frivolous and sham, and for the entry of a summary judgment, and the matter came on for a hearing before the Circuit Court judge who ordered that the answer be stricken out, whereupon (whether by leave of court or not, it does not appear), the defendant-appellant filed an amended answer. In this answer, after stating, he denies each and every allegation contained in the complaint, he sets up as his first separate defense that he was fraudulently induced to sign the note sued upon and mentioned in the complaint by the false representations of the other defendant (Heyman), and other people. After setting forth matters which were manifestly hearsay, he says that at the time of the sale he was shown a batch of papers and was asked to sign them, and that he was never informed that it was a note he was signing.

It is to be observed that in the first answer filed by the defendant-appellant to the action, he sets up that the plaintiff was not a holder in due course of the note mentioned in the complainant's complaint; and that the note sued upon was obtained by fraud and duress, and there was no consideration moving to the defendant from the plaintiff for the note sued upon.

The defenses set up in the amended answer are apparently inconsistent with the former one stricken out by the court, in respect to their verity.

Notice was given to strike out the amended answer, and for a summary judgment, upon the ground that the answer was sham and frivolous and filed only for the purpose of delay, and this matter coming on to be heard before the Bergen County Circuit Court, on the plaintiff-respondent's motion, supported by affidavits, and opposed by counter-affidavits offered by the defendant-appellant, which latter's affidavits set up, in general terms, in which he claimed that he was fraudulently induced to sign the note by the false representations of the co-defendant, Heyman, and other people, who never stated to him that it was a note he was signing but merely several papers all bunched together.

The court decided that the answer was frivolous and filed for the purpose of delay and struck it out, and ordered judgment final in favor of the plaintiff-respondent, against the defendant-appellant.

It is quite clear that the matters set forth by the defendant-appellant, as his defense, in his counter-affidavits, even though those matters be true in fact, they constituted no bar to the plaintiff-respondent's right to a recovery on the note in question since there was an utter absence of the affirmation of any fact in the defendant-appellant's affidavits that tended to show that the plaintiff-respondent was not a holder of the note sued upon in due course, for a valuable consideration and in good faith and without knowledge of any infirmity in the note.

In view of the fact, that it appeared from the plaintiff-respondent's affidavits that it received the note before the maturity thereof, for a valuable consideration and in good faith, and without knowledge of any infirmity in the note, the only proper course therefore for the court to have pursued which it did was to strike out the answer as frivolous and filed for the purpose of delay, and order final judgment for the plaintiff-respondent.

Judgment is affirmed, with costs.