IRVINGTON TRUST COMPANY, RESPONDENT, v. ASHER MAURER, APPELLANT.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *Maurice S. Maurer.*

For the respondent, *Adam J. Rossbach.*

PER CURIAM.

We conclude that the judgment should be affirmed, and with the exception of one point, for the reasons given in the *per curiam* opinion of the Supreme Court, *ubi supra.*

The exception is this: The Supreme Court seems to have treated the question of the plaintiff being a holder of the note in due course as one of presumption, and that the burden of proving the contrary was on the defendant. See 8 *N. J.*

*Mis. R.* 567. But this appears to overlook the exception in section 59 of the Negotiable Instruments act (*Comp. Stat., pp.* 3741, 3742), that "when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." See *De Jonge & Co.* v. *Woodport Hotel and Land Co., 77 N. J. L.* 233. However, our examination of the case satisfies us that the plaintiff fully sustained this burden, even for purposes of a summary judgment over answer, and the judgment under review will accordingly be affirmed.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.