JOSEPH HEIMBERG, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLEE, v. LINCOLN NATIONAL BANK, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January 26, 1934—Decided May 16, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellee, *Saul & Joseph E. Cohn* (*Michael Silver*, of counsel).

For the appellant, *Herrigel, Lindabury & Herrigel* (*Joseph S. Lindabury, Jr.*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The plaintiff was a depositor in defendant bank. On May 23d, 1933, Joseph Heimberg, president of plaintiff corporation, signed a check of the corporation in blank, the date, amount and name of payee not being inserted thereon. Aside from the signature of the drawer there was nothing written on the face of the check. On the back of the check appeared the words "payment on Commercial Ex.," which writing was placed thereon by the bookkeeper of the plaintiff corporation. The aforesaid check was placed in a safe. On May 24th, 1933, it was ascertained that the check, together with others, was apparently abstracted or stolen. The president of the plaintiff corporation thereupon personally appeared at the bank to ascertain whether the check had been presented for payment and to stop payment on it if it had not been so presented. The president at this appearance was told that before any notice had been received by the bank not to pay said check the same had been filled in for $486.50, made payable to cash and endorsed by one, Jack Cohn. The teller of the bank substantially testified that upon presentment of the check as aforesaid, he ascertained that the plaintiff corporation had sufficient funds on deposit to cover the check and upon being told by the said Jack Cohn that he was employed by the plaintiff corporation, without further investigation or otherwise verifying this information, paid the amount of the check to the said Cohn and debited the plaintiff's account with the sum represented by said check.

Defendant's motions for a nonsuit and directed verdict based on its contention that there was no liability on its part in the premises, after extended argument, were denied. Perhaps it shall be useful to quote the trial judge, *in extenso,* on the motion to direct a verdict for the defendant. He said:

"In so far as the question of the plaintiff's negligence is concerned my response to your application for a nonsuit was dispositive of that, and the same reasons urged in the motion for the direction of a verdict. I further hold that the presumption of negligence, which rests on the person who signs the check in blank, has been successfully met by the plaintiff, overcome by the plaintiff. He exercised the degree

of care consistent, under the circumstances, in this instance a high degree of care, in depositing the blank check in a safety compartment in the safe. Thereafter, it was apparently stolen. There is a presumption that it was stolen under the circumstances related here. Having overcome that, he has removed from his shoulders the consequences of the presumption of negligence. The defendant owes to the plaintiff under the circumstances where he is free from negligence (the bank to its depositor), the exercise of a degree of inquiry that a reasonable person would exercise in disposing of the funds of its depositors. Where a check made to cash bearing the earmarks—I am using that term advisedly, because it was so designated in the examination—is presented for cashing, to use the common term, a teller who undertakes to cash, cognizant of the fact that there is some earmark of the back of the check (which of itself is not an inconsistency with the payee termed "cash"), when presented by an unknown person, should put him on inquiry to determine whether that unknown person is a person sufficiently reliable to the extent that his statement may be taken as to his identity. In this instance the unknown person who received the check was unknown, admittedly, to this teller. The only inquiry he himself admits or states that he made was whether he was an employe of the maker of the check. Such inquiry of itself is not sufficient to relieve the bank of its responsibility, particularly so when a check bearing the notation that it is to serve for a certain purpose designated the payee as "cash." That of itself is not sufficient to make the payment of it a negligent act, but coupled with it, a payment to an unknown person, without identifying the unknown person, creates a set of circumstances of facts which does not relieve the bank of its legal obligation to the plaintiff."

The trial judge rendered judgment for the amount of the account debited, $486.56, plus interest, totaling $500, and allowed an exception on his refusal to nonsuit and direct.

Appellant seems to have divided the specifications of the determination which with it is dissatisfied in point of law, into three separate headings or subdivisions. They are as follows:

The court erred in refusing defendant's motion for a non-suit on the following grounds:

1. The defendant was not bound to take notice of "ear-markings" on a check made for the drawer's own purposes and benefits.

2. The defendant, a bank, is not responsible for a loss sustained where the plaintiff, a depositor, signs a blank check which is stolen and filled into the order of cash and then paid by the defendant bank, said plaintiff having signed the blank check at his peril and in violation of the duty which a depositor owes to its bankers, to safeguard his checks and to prevent opportunities for their misuse.

The court erred in refusing defendant's motion for a direction of a verdict on the following grounds:

1. The defendant was not bound to take notice of "ear-markings" on a check made for the drawer's own purposes and benefits.

2. The defendant, a bank, is not responsible for a loss sustained where the plaintiff, a depositor, signs a blank check which is stolen and filled into the order of cash and then paid by the defendant bank, said plaintiff having signed the blank check at his peril and in violation of the duty which a depositor owes to its bankers, to safeguard his checks and to prevent opportunities for their misuse.

3. The plaintiff was guilty of the negligence which was the direct and proximate cause of the loss sustained.

4. The defendant bank was not legally obligated to make an inquiry as to the identity of one presenting for payment a check drawn to the order of "cash," same being payable to bearer.

5. The defendant bank was a holder in due course on said check and as such was entitled to debit the plaintiff's account for the amount thereof unless it took the check with knowledge of some infirmity in it or with such suspicion with regard to its validity that its conduct in taking it was fraudulent.

The court erred in rendering judgment for the plaintiff and against the defendant on the following grounds: (same reasons as those assigned for a direction).

These specifications are argued under three points. It is claimed that the court erred (1) in refusing to grant a nonsuit; (2) in refusing to direct a verdict, and (3) in rendering judgment in favor of plaintiff.

The concrete and meritorious question presented on this appeal is whether the loss sustained in the instant case, should be visited on the bank or the depositor. The question is an interesting one, on which outside authorities are not agreed. It is said to us that there is no like case in our state. We think this is so.

As indicated, the check was an incomplete instrument at the time it was placed in the safe. Could it, therefore, if abstracted or stolen, as it was in this case, and if completed and negotiated, without authority, and under the facts of the instant case, be a valid contract in the hands of the bank as against the depositor?

Section 15 of our Negotiable Instruments act (*Pamph. L.* 1902, *p.* 586), provides as follows:

"Where an incomplete instrument has not been delivered it will not, if completed and negotiated, without authority, be a valid contract in the hands of any holder as against any person whose signature was thereon before delivery."

As we have said the authorities are not in accord. The conflict seems to arise out of the fact that at least three different theories or principles of law have been applied by these varying jurisdictions in construing and determining the rights and liabilities as between a depositor and his bank under the circumstances presented in the case at bar. They are as follows: First, a strict and literal construction of section 15 of the act aforesaid. A construction that is all inclusive. This results in liability on the part of the bank towards a depositor whenever the former pays on a check of the latter which comes within the provision of the act. Second, that as between the two innocent parties, the bank and depositor, liability should be borne by the one, the depositor, who made the loss possible. Such conclusion is based on the breach of a duty which it is held a depositor owes to his bank and that a depositor violates that duty when he signs a check in blank. Third, that the right of recovery shall be based on the doctrine of negligence and estoppel.

The latter construction was the one adopted by the court below. The subject being one of first impression it is open to us to adopt what we believe to be the soundest view.

It is urged very strongly that to adopt the third construction would, in these modern times, work great hardship and greatly interfere with the custom prevailing in modern banking. We are not prepared to say that this is so. We are, rather, of the firm opinion that the facts as proven in the instant case constitute an exception rather than the usual or ordinary case. The very fact that we have no like adjudicated case in our state tends to greatly lessen the force of defendant's contention. At all events if there may be a recovery under the act, and there may be under certain circumstances, for example, as in alteration cases under sections 124 and 125, and in forgery cases, under section 23, &c., we are inclined to adopt the view that in so far as a bank is concerned it should not be immune from the operation and liability of section 15 of our Negotiable Instruments act, under the proven facts of the instant case. It appears to us that the application of construction three, negligence and estoppel, is the soundest of the three constructions. It permits of the consideration of the particular facts of a given case and the working out of substantial justice.

In our opinion the facts fully justified the findings of the trial judge.

We have carefully considered all other reasons argued by appellant and find them to be without merit.

Judgment is affirmed, with costs.