CINEMA CIRCUIT CORPORATION, A CORPORATION, ETC., PLAINTIFF-APPELLEE, v. MERRILL AMUSEMENT CORPORATION, A CORPORATION, ETC., DEFENDANT-APPELLANT.

Argued October 4, 1938—Decided November 1, 1938.

Before Justices TRENCHARD and PARKER.

For the defendant-appellant, *Atwood C. Wolf.*

For the plaintiff-appellee, *William V. Breslin.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment in favor of the plaintiff-appellee against the defendant-appellant.

The plaintiff corporation based its suit upon a check dated April 13th, 1937, and drawn to its order.

The plaintiff being the payee of this check it is not contended that it was a holder in due course, nor does the state of demand allege any facts to indicate anything other than that the suit was for the amount of the check which the defendant had wholly failed, refused and neglected to pay.

At the trial the treasurer of the plaintiff corporation simply identified the check and testified that when it was sent to the bank it was returned marked "payment stopped." He further testified on cross-examination that he himself filled in the amount, date and plaintiff's corporate name as payee of the check; that it was one of several checks signed in blank by the defendant which had been given to the plaintiff several weeks before, and on further cross-examination testified that when the several checks signed in blank were given to the plaintiff corporation by the defendant, together with the check book in which they were contained, it was by "a blanket order given by the secretary of the defendant corporation to make good any amounts that had to be made good from the corporation." Without more, the plaintiff rested. The defendant moved for a nonsuit which was denied.

Thereupon the defense called three witnesses, directors and officers of the defendant corporation, and their testimony established the following facts, which throughout the case

remained uncontroverted; (1) that the defendant's check book and some other checks in blank were given to the plaintiff so that defendant's film bills incurred in the operation of its moving picture theatre could be paid to the film company during the absence, and because of the illness, of the secretary of the defendant corporation; (2) that this authority was revoked April 5th, 1937, at a conference held in the plaintiff's office on that date; (3) that no debt or other obligation was then due to the plaintiff from the defendant but that in fact the plaintiff was actually indebted to the defendant.

No rebuttal was offered by the plaintiff at the close of the defendant's case.

The trial judge, sitting without a jury, reserved decision and thereafter rendered judgment for the plaintiff and against the defendant, from which the defendant appeals.

With respect to alleged errors relating to the exclusion of defendant's evidence, we are inclined to think that none of such alleged errors were harmful to the defendant in the circumstances disclosed by the record.

But when we come to consider the assignment of error respecting the judgment for the plaintiff, we think that it has merit.

The error, among others alleged, is that there was no evidence upon which the judgment could be founded, in that the uncontradicted evidence was that any prior authority for plaintiff to make such a check had been revoked before the check in question was drawn. As we have pointed out the evidence was uncontradicted that any authority to fill out the blank checks was revoked on April 5th, 1937, about eight days before the plaintiff made out the check in question to its own order, and that there was then no existing obligation of the defendant due the plaintiff.

While a person in possession of a negotiable instrument has *prima facie* authority to complete it by filling up the blanks therein in material particulars, yet in order that such instrument when completed may be enforced, by one not a holder in due course, against any person who became a party thereto

prior to its completion, it must have been filled up strictly in accordance with the authority given. *Rev. Stat.* 7:2-14.

Since the uncontradicted evidence disclosed that the plaintiff had no authority to fill up the blanks in the check, it follows, by the plain words of the statute that the check could not be "enforced" against the defendant.

The judgment will be reversed, and a new trial awarded; costs to abide the event.