46 N.J. Super. 489 (1957)
135 A.2d 31
BUDGET CORPORATION OF AMERICA, A CORPORATION OF NEW JERSEY. PLAINTIFF-APPELLANT,
v.
H.E. DeFELICE, ET AL., DEFENDANTS-RESPONDENTS,
v.
THE NATIONAL FIRE SAFETY COUNSELLORS, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1957.
Decided October 10, 1957.
*491 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Gerald W. Kolba argued the cause for plaintiff-appellant.
Mr. Milford Salny argued the cause for defendants-respondents (Mr. Alan D. Rubenstein, on the brief).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an action on a promissory note, brought by the holder of the note against Harry E. DeFelice and Lucia DeFelice, his wife, the makers. The factual circumstances of the case are similar, in certain respects, to those presented in Budget Corporation of America v. Hibbert, 44 N.J. Super. 237 (App. Div. 1957). There, as here, the National Fire Safety Counsellors sold a fire detection system to certain persons, representing that the sale was but part of an advertising scheme under which the purchasers were to furnish the names of prospective customers and were to receive in return $10 per name. In the instant case the trial court found that the purchasers, the DeFelices, were told by National's agent that the fire detection system was to cost them nothing. Furthermore, the court found that National procured from the DeFelices, by fraud and without their knowledge, the above-mentioned note signed by them, payable to National at plaintiff's office (the plaintiff's name and address are printed on the note). Thereafter National endorsed the note in blank without recourse and delivered it to the plaintiff. The court also found that at the time of the delivery of the instrument to the plaintiff it was incomplete and irregular on its face, and that it was thereafter completed by the plaintiff without the knowledge or authority of the DeFelices. We think any further statement of the facts of the case to be unnecessary for the purposes of this opinion. Judgment was entered against the plaintiff, and it appeals.
*492 Plaintiff in its first point attacks the trial court's findings, but we see no basis for disturbing them. It attacks, among other things, the finding that the note was incomplete at the time of its delivery to the plaintiff. When this case first came before us we remanded it to secure, inter alia, a specific finding showing in what particulars the note was incomplete at that time. The findings thereafter returned by the trial court merely disclose that it was incomplete in several respects, and we take it therefore that the proofs do not warrant a more specific finding. The burden of proof on this matter is upon the plaintiff. An examination of the statute makes this apparent. The fraud perpetrated by National rendered plaintiff's title to the note "defective," N.J.S.A. 7:2-55, and as a result there was cast upon the plaintiff the burden of proving that it is a holder in due course. N.J.S.A. 7:2-59; VanSyckel v. Egg Harbor Coal & Lumber Co., 109 N.J.L. 604, 607, 608 (E. & A. 1932); De Jonge & Co. v. Woodport Hotel & Land Co., 77 N.J.L. 233 (Sup. Ct. 1909); Irvington Trust Co. v. Maurer, 108 N.J.L. 404 (E. & A. 1931). To make out that it is a holder in due course, plaintiff has to establish that at the time of the delivery of the instrument to it, the instrument was complete, or at least complete in all material respects. N.J.S.A. 7:2-52; Britton, Bills and Notes § 113 (1943). In this case it sufficiently appears that plaintiff has not maintained the burden of proof on this issue, namely, whether the instrument was complete at that time. We, of course, would not be justified in sending a case back for a new trial merely in order to give an appellant an opportunity to put in further proof as to an issue on which it has the burden of proof.
Plaintiff, in its second point, accepts this finding that the instrument was incomplete at the time stated, but claims that it had authority under N.J.S.A. 7:2-14 to fill in the blanks. See First Nat. Bank of Springfield v. Di Taranto, 9 N.J. Super. 246 (App. Div. 1950), holding that under the circumstances there, the makers of the note were estopped to deny that they had given such an authority *493 to the endorsee of it; cf. Cinema Circuit Corp. v. Merrill Amusement Corp., 121 N.J.L. 216 (Sup. Ct. 1938); cf., further, Britton, supra, 336-337 and cases cited in notes 2-4 therein; see, too, Britton at 346 as to the operation of the doctrine of estoppel in connection with the Negotiable Instruments Law.
But in Di Taranto the note was delivered by the makers to the payee, whereas here there was no delivery of the note by the makers, there having been a fraud in the factum, and the note having been procured without their knowledge. These circumstances bring the case within N.J.S.A. 7:2-15:
"Where an incomplete instrument has not been delivered it will not, if completed and negotiated, without authority, be a valid contract in the hands of any holder as against any person whose signature was placed thereon before delivery."
The operation of this section is not impaired by the provision in N.J.S.A. 7:2-16 which raises a conclusive presumption of delivery where an instrument is in the hands of a holder in due course; for it must be concluded that the provision referred to was meant to be applicable solely to completed instruments. Massachusetts Nat. Bank v. Snow, 187 Mass. 159, 72 N.E. 959, 961 (Sup. Jud. Ct. 1905); Linick v. A.J. Nutting & Co., 140 App. Div. 265, 125 N.Y.S. 93, 98 (App. Div. 1910); Holzman Cohen & Co. v. Teague, 172 App. Div. 75, 158 N.Y.S. 211 (App. Div. 1916); Pavilis v. Farmers Union Livestock Commission, 68 S.D. 96, 298 N.W. 732, 734 (Sup. Ct. 1941); City Nat. Bank v. American Express Co., 16 S.W.2d 278 (Tex. Com. App. 1929); Britton, supra, 342.
However, the operation of N.J.S.A. 7:2-15 may be wholly nullified by the doctrines of negligence and estoppel. Joseph Heimberg, Inc., v. Lincoln Nat. Bank, 113 N.J.L. 76 (Sup. Ct. 1934); Britton, supra, § 88; cf. Weiner v. Pennsylvania Co. for Insurances, etc., 160 Pa. Super. 320, 51 A.2d 385 (Super. Ct. 1947). Usually the negligence with which the makers of an incomplete and undelivered instrument are charged, arises as a result of their failure *494 to take proper precautions as to the custody of the instrument after they have signed it. But defendants cannot be charged with negligence in that connection here; they did not even know they had signed the note. However, there is another theory of negligence, possibly applicable here, for which support can be found in the authorities of other jurisdictions, namely, those holding that where persons are induced by fraud to sign a negotiable instrument supposing it to be an instrument of some other nature, they are nevertheless liable thereon to a holder in due course if in the exercise of ordinary care they could have discovered its true character. Britton, supra, § 130; 10 C.J.S. Bills and Notes § 499, p. 1100; cf. Colonial Discount Co. v. Bures, 8 N.J. Misc. 124, 126 (Sup. Ct. 1930), affirmed 107 N.J.L. 374 (E. & A. 1930). The question whether or not in such a case they have been negligent, is usually said by those authorities to present a factual issue to be decided by the jury, or by the trial court when sitting without a jury. Britton, supra, 583-585.
We do not pass on these authorities. The question we do decide, however, is, who has the burden of proof on this issue  who must establish the negligence? In our opinion, though defendants who rely on N.J.S.A. 7:2-15 have the burden of establishing facts bringing the case within that section, nevertheless when they have done so, the plaintiff, if it claims they have been negligent, will then have the burden of proving the negligence. In the present case not only are there no findings on this question of negligence, but the plaintiff has never raised below or here the theory we have referred to. That being so, we see no basis for reversing the case and ordering a new trial to try out such a theory. The situation is quite like that stated in connection with the first point in this opinion. We conclude that there is nothing to take the case out of N.J.S.A. 7:2-15, and hence that it must be held that the note of the defendants is not a valid contract as against them.
Affirmed.