HERBERT A. RICE, DEFENDANT IN ERROR, v. R. C. BAR-
RINGTON, PLAINTIFF IN ERROR.

Argued January 6, 1908—Decided June 15, 1908.

Bad faith, not merely notice of suspicious circumstances, must be
brought home to the holder for value of a negotiable note whose
rights accrued before maturity in order to defeat his recovery
upon the note on the ground of fraud in its inception.

On error to the Burlington Circuit.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *Frederick A. Rex.*

The opinion of the court was delivered by

GARRISON, J. This writ of error is brought to reverse a
judgment entered upon a verdict directed for the plaintiff,
Herbert A. Rice, in the court below. The defendant was R.
C. Barrington, and the note upon which the action was
brought read as follows:

"$380.14.          MOUNT HOLLY, N. J., Nov. 9th, 1905.
"Three months after date I promise to pay to the order of
Roger Byrnes three hundred and eighty .14 dollars, at Mt.
Holly, value received.          R. C. BARRINGTON.
     [Endorsed]—"ROGER BYRNES,
               "DR. H. A. RICE."

The plaintiff testified that he bought the note from its
payee, Byrnes, before maturity, to wit, January 8th, 1906.
On cross-examination the plaintiff was asked:

"*Q.* Well, you had purchased a note from Mr. Byrnes
before this date, which you had found out from the party had
been fraudulently obtained from him, had you not?"

This question was, upon objection, overruled. The overruling of this question is the first ground assigned for error. The ruling of the trial court was correct, and may be supported upon any of several grounds. The most comprehensive ground for sustaining the ruling is that the fact that Rice had found out that a note he had previously purchased from Byrnes had been fraudulently obtained was at most a suspicious circumstance as regards the note in suit, and that the fifty-seventh section of the Negotiable Instrument act of 1902 (*Pamph L., p.* 593), read in connection with the decisions of our courts, establishes the rule that proof of circumstances calculated merely to arouse suspicion will not defeat recovery on a negotiable note taken for value before maturity. Bad faith, *i. e.,* fraud, not merely suspicious circumstances, must be brought home to a holder for value whose rights accrued before maturity, in order to defeat his recovery on a negotiable note upon the ground of fraud in its inception or between the parties to it. *Hamilton* v. *Vought,* 5 *Vroom* 187; *Read* v. *Abbott,* 16 *Id.* 303; *Aldrich* v. *Peckham,* 43 *Id.* 711, and the cases there cited.

The rule thus laid down covers the remaining assignments of error also, for they all rest upon the assumption that notice of suspicious circumstances is the legal equivalent of proof of actual fraud.

This disposes of the assignments of error.

At the very close of the trial counsel who then represented the defendant made a motion for the direction of a verdict for the defendant, upon the ground that the plaintiff had not proved his title to the note, because he had not shown that the name of the payee that appeared to be endorsed on the note was the writing or signature of Roger Byrnes. The trial court denied this motion and allowed an exception. In view of the decision of this court in *Beckley* v. *Evans,* 20 *Vroom* 442, and the rulings upon evidence made in the pending trial, this motion, if well founded in the testimony, would be open to question. The denial of this motion, however, is not assigned as error. Indeed, the matter is not at all referred to in the brief of counsel for the plaintiff in error, which, on the

contrary, speaks of "Rice being the regular endorsee of these notes from Byrnes." We have therefore not considered the matter, which is mentioned now merely to guard against the misapprehension that the course thus pursued at the trial is approved as to an endorsee whose ownership was not traced through proof of the endorsement of the payee of the note.

Finding no error upon any point that has been assigned, the judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.   12.

*For reversal*—None.