WHITEHEAD *v.* PURDY.

BILLS AND NOTES — HOLDER IN DUE COURSE — BREACH OF WARRANTY—NOTICE.

Notice that a note was executed by the maker to secure the change in course of a proposed electric railway, which the company agreed should be completed and in operation within a year, was not, unless the agreement was broken before the transfer and the breach was known to the indorsee, sufficient to charge such indorsee with notice of failure to complete the railway within the specified period, before the expiration of which time the indorsee had purchased the note.

Error to Oakland; Wisner, J., presiding. Submitted April 12, 1912. (Dock. No. 118.) Decided October 1, 1912.

Assumpsit by Almeron Whitehead and George H. Mitchell, copartners, under the name of Exchange Bank, Birmingham, Mich., against William J. Purdy upon a promissory note. Judgment for plaintiffs upon a directed verdict; defendant brings error. Affirmed.

*Andrew L. Moore*, for appellant.

*Perry & Lynch*, for appellees.

McALVAY, J. Plaintiffs, copartners, doing business under the name of Exchange Bank, Birmingham, Mich., brought suit in this case in justice's court in Oakland county upon a promissory note given by defendant to the Detroit & Bay City Traction Company for $100, one year after date, with interest at 6 per cent., payable at the Exchange Bank of plaintiffs, afterwards sold and indorsed by the payee for a valuable consideration, being the sum of $100, to the plaintiffs. After a trial and determination in justice's court, the case was appealed to the circuit court of said county, where the trial resulted in an instructed verdict in favor of plaintiffs. The case is here for review upon a writ of error.

The note in question was given by the defendant to the payee, which at that time was proposing to build an electric railway from Bay City to Detroit, the survey of which had been made, passing some distance from the village of Birmingham, Oakland county. Thinking it desirable that the road should go through Birmingham, some of the residents of that village and vicinity, among them the defendant, were willing to contribute certain sums to that end. At the time the note in suit was procured from him, there was an agreement read to him, by the terms of which the payee agreed within twelve months to build, or cause to be built, this electric railway, and to have the

tracks laid and cars running regularly between Detroit and Bay City by way of Birmingham; and, on failure to fulfill its agreement, it was agreed to reimburse the makers of all such notes in full. This was called a trust arrangement, and a trustee was named, in whose hands a note of the company for $2,500 was placed, its payment guaranteed by five different individuals, from which note the trustee was to realize funds to satisfy those giving these notes. The note in suit and others were bought by plaintiffs, with knowledge of the agreement between the traction company and the makers. The record shows, without dispute, that the note in question was sold and transferred to the plaintiffs within a day or two after its date. Under the general issue, the defendant gave notice that the note upon which suit is brought is void for want of consideration; that the note was signed under the agreement above set forth, relying wholly upon such agreement; that plaintiffs bought the note with full knowledge of the said agreement. The court held that the plaintiffs were bona fide holders of the note. Defendant has assigned error upon this holding. This is the material question involved in this case, although other errors are assigned.

This transaction, briefly, amounted to this: That defendant and others were willing to give their promissory notes, each for $100, to secure the change in the course of this railway, so as to bring it to Birmingham. These notes were given by them relying upon the agreement of indemnity and reimbursement for any sums paid by them on their notes in case of the failure of the traction company to fulfill its agreement to construct and put the railway into operation within one year. At the time of the purchase of the notes in question by plaintiffs for value, it was impossible to determine whether or not the road would be built within the year, and at that time there was no forfeiture of the terms of the agreement between the traction company and the makers of these notes. The

court in our opinion was not in error in holding, under the undisputed facts in this case, that plaintiffs were bona fide holders of the note, and in instructing a verdict in their favor for the full amount thereof, with interest. There is no question raised in this case that the transaction was against public policy. In a recent case where the purchasers of a note knew that the payee had warranted the property sold in consideration of the note, but did not know that the warranty was broken, this court said:

"A failure of the consideration, in whole or in part, after bona fide transfer, does not affect the character of the purchaser, although he had full knowledge of the original consideration for which the note was given. There is no evidence of notice, or knowledge of the breach of this contract, in so far as the failure of the horse to comply with the warranty is concerned, before the transfer of these notes." *Hakes* v. *Thayer*, 165 Mich. 476, at page 487 (131 N. W. 174), and cases cited.

In the instant case, plaintiffs, at the time of purchasing the note, had full knowledge of the contract of indemnity given by the payee to the maker. They also knew that at that time no breach of said contract by the Traction Company had occurred. In this case, by the express terms of this indemnity agreement, there could be no default under it in favor of this defendant until he had paid this note. Full knowledge of this agreement, therefore, could not impair the *bona fides* of plaintiffs as purchasers of this note. The case under consideration presents a much stronger case in favor of plaintiffs than the case of *Hakes* v. *Thayer, supra.*

Other questions do not require consideration. The judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.