W. H. LEAR, PLAINTIFF-RESPONDENT, v. SOL. A. ALT-
SCHULER, DEFENDANT-APPELLANT.

Submitted March 13, 1924—Decided July 9, 1924.

**Negotiable Instruments—Note—Held by Third Party Without
Notice of Defect—Claim that Consideration for Note was
Not as Agreed.**

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendant-appellant, *Aaron A. Melniker.*

For the plaintiff-respondent, *Joseph M. Goldweber.*

PER CURIAM.

This is an appeal by the defendant below from a judg-
ment of the District Court of the city of Bayonne.

On August 29th, 1921, the defendant, Sol. A. Altschuler,
made a promissory note for the sum of $500, payable six
months after date, to the order of the National Refrigerator
and Table Company. This note was transferred on January
24th, 1922, to W. H. Lear, the plaintiff, by the National
Refrigerator and Table Company, which was indebted to
Lear in the sum of $1,300. The note was protested at ma-
turity. The bookkeeper of W. H. Lear demanded payment
of the National Refrigerator and Table Company, and was
told to collect from the maker, the defendant. The note was
then forwarded to an attorney in Bayonne, who instituted
this suit. The defendant at the trial offered to prove that
there was a failure of consideration for the note, in that the
goods for which the note was given were not in accordance
with the terms of the contract. This offer was overruled on
the ground that the plaintiff was a *bona fide* holder for
value before maturity and without notice of any equities as
between the maker and payee. The court directed the jury
to find a verdict for the plaintiff. This direction and the
failure to admit the testimony referred to constitute the
grounds of appeal. There is no principle of law better set-

tled than the principle that a person who has transferred to him a promissory note for a valuable consideration, before maturity, and without notice of any equities existing between the original parties to a promissory note, is a *bona fide* holder for value, and takes the same free from equities between the original parties. The holder, under such circumstances, can collect the amount of the note from the maker, notwithstanding any claim that the maker of the note may have against the payee. The principal cases in this state on this subject are *Hamilton* v. *Voight*, 34 *N. J. L.* 187; *Rice* v. *Barrington*, 75 *Id.* 806, and *Davis* v. *Clark*, 85 *Id.* 696. Section 52 of the Negotiable Instrument act (3 *Comp. Stat., p.* 3741) states that a holder in due course is a holder who has taken the instrument under the following conditions: "1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any informity in the instrument or defect in the title of the person negotiating it."

Section 57 of the same act (3 *Comp. Stat., p.* 3741) provides that a holder in due course holds in instrument free from any defect of title or prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.

The evidence in the present case offered by the plaintiff, in the proof of his case, showed that the plaintiff was a holder in due course. He, therefore, held the note free from defenses available to prior parties among themselves. The evidence the defendant below desired to offer was merely as to the failure of the consideration of the note. This the defendant was precluded from proving under the undisputed evidence of the plaintiff being a holder in due course of the note upon which suit was brought. The District Court ruled properly in excluding the evidence and directing a verdict for the plaintiff.

The judgment is affirmed, with costs.