## LYMAN E. WARREN, PLAINTIFF, v. HARRY P. DILKES, DEFENDANT.

### Decided December 1, 1925.

**Negotiable Instruments—Promissory Notes—Failure of Consideration—Material Alteration—Alleged Knowledge of Both by Third Party, Holder of the Note, For Valuable Consideration —Evidence Fails to Show Such Knowledge on Part of Holder —Payment May Be Enforced.**

For the plaintiff, *Lum, Tamblyn & Colyer.*

For the defendant, *John G. Flanigan.*

The opinion of the court was delivered by

LLOYD, J. In an action commenced by the plaintiff, Lyman E. Warren, against Harry P. Dilkes, on a promissory note drawn to the order of Thomas P. Dilkes at four months and payable at Main street, Moorestown, New Jersey, a judgment was taken by default. A motion was made to open the judgment, and upon this motion permission was granted to the defendant to take depositions to excuse the failure to make answer and to establish a meritorious defense.

The note was transferred to Warren, the plaintiff, by Dilkes, the payee, in consideration of the cancellation of an indebtedness held by Warren against the payee. The evidences tending to show a meritorious defense are claimed to be (1) that there was a failure of consideration as between the maker and the payee; (2) that of this failure the plaintiff had notice before the negotiation of the note to him, and (3) that the note had been altered in a material part by the insertion in the blank space left therefor. It is also claimed that the note, upon its face, gave evidence of such alteration.

A careful examination of the depositions fails to satisfy me that there is a meritorious defense on any of these lines.

Even if it be assumed that the note was altered by the insertion of a place of payment, this would not vitiate the note in the hands of Warren if he be an innocent holder ignorant of such change, inasmuch as our Negotiable Instrument act of 1902, section 124, declares that "when an instrument has been materialy altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor." The original tenor of this note would have been exactly as it is with the place of payment omittted in so far as payment of the note is concerned.

If, as is claimed, there was a failure of consideration, in whole or in part, as between the maker, Harry P. Dilkes, and the payee, Thomas P. Dilkes, the evidence fails to establish knowledge of this fact if it existed in Warren, the plaintiff, when he purchased the note, or notice of such facts as would charge him with bad faith in purchasing the note. *Rice* v. *Barrington,* 75 *N. J. L.* 806. Assuming that the facts testified to by the defendant's witnesses shifted the burden on the plaintiff to show that he was an innocent holder for value before maturity and without notice of defects in the instrument itself, this burden is amply met by the testimony of the plaintiff, who was examined at great length, denying such knowledge.

Taking this view of the merits of the case, it is unnecessary to consider the adequacy of the excuse for failure to file an answer as required by law.

The motion to open the judgment will be denied.