PEMBERTON SQ. OPERATING CO. *vs.* MICHAEL J. LYDON & another.

Suffolk. December 5, 1934. — September 12, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Bills and Notes*, Validity, Holder in due course. *Equity Pleading and Practice*, Exceptions, Appeal, Requests and rulings.

A suit in equity properly may come to this court both by appeal from the final decree and by a bill of exceptions to a refusal to rule.

In a suit in equity, an exception to the denial of a requested ruling correct in the abstract must be overruled if the requested ruling was not applicable to the facts found.

A purchaser of some of a series of negotiable promissory notes for value before maturity, without actual knowledge of fraud on the part of the payee in obtaining the notes from the maker or knowledge of such facts that his taking of the notes was bad faith, was a holder in due course and could pass good title to a person not party to the original fraud, if any.

BILL IN EQUITY, filed in the Superior Court on January 10, 1933, with a trustee writ dated January 6, 1933.

The suit was heard by *Whiting*, J.

The case was submitted on briefs.

*J. P. Manning*, for the defendant Lydon.

*M. L. Orlov & P. Cowin*, for the plaintiff.

RUGG, C.J. This suit in equity is brought by the plaintiff as holder to recover against the defendant Lydon as

maker the amount due on five promissory notes and to reach and apply in payment of those notes shares of stock owned by him in the other defendant, a corporation organized under the laws of this Commonwealth and joined as a party under G. L. (Ter. Ed.) c. 214, § 3 (8). Lydon, hereafter called the defendant, filed an answer admitting his signature to the notes but denying that the plaintiff was a holder in due course, and pleading further that the notes were procured by false and fraudulent representations of the payee, the Shoreland Company, whereby there was failure of consideration, and that the notes are part of a series in a real estate transaction and that the plaintiff and all prior transferors knew or were chargeable with knowledge of defences to the notes.

The case comes before us on appeal from a final decree and on exceptions to refusal to make a ruling. This is permissible practice. G. L. (Ter. Ed.) c. 214, §§ 25A, 19; c. 231, § 113. *Shea* v. *Lexington,* 290 Mass. 361, 373.

The judge who tried the case made findings of fact. So far as material to the grounds of this decision those findings in substance are as follows: The defendant is the owner of ninety-six shares of stock in the defendant corporation. The defendant went to Florida in 1925 for the purpose, among other things, of buying real estate and selling it later at a profit. After preliminary negotiations an "Agreement for Deed" was executed on September 21, 1925, between the defendant and the Shoreland Company whereby the latter agreed to sell to the defendant a specified tract of land and the defendant agreed to pay therefor a stated price. On that date the defendant gave six promissory notes, one of which was due every six months from that date. The last five of those notes to mature are the notes here in suit. The defendant testified that he was taken to Miami Shores, where the locality of the lots to be purchased was pointed out, that he left the actual allotment to an agent of the Shoreland Company, that the lots shown him were not in the vicinity where the lots actually allotted to him were situated, and that he did not know the location of the lots actually allotted

to him until shortly after the following Christmas, when he notified the agents of the Shoreland Company that he would not pay for the lots and would sue to get his money back. With respect to this matter the finding is in these words: "I do not find as a fact that the lots pointed out to him were in a substantially different location from the lots he purchased, or that he relied on any particular lots being allotted to him. The lots securing the notes on which this suit is brought are very close to the location he claimed was pointed out to him." This finding means that the trial judge did not believe the testimony of the defendant to the effect that there were false representations relied on by him to his harm as to the location of the lots described in the agreement for a deed. It is a finding in substance and effect that the making of the notes was not induced by fraud and misrepresentation and that there has been no failure of consideration for the notes. It is a finding that the equitable or legal defences pleaded by the defendant have not been made out. Further findings in effect were that the plaintiff was entitled to the rights of a holder in due course and was entitled to prevail. G. L. (Ter. Ed.) c. 107, §§ 75, 80, 81. A final decree was entered establishing the claim of the plaintiff. The defendant appealed. The evidence is not reported in full. Only slight excerpts are embraced in the findings. Those findings confessedly were based on adequate evidence: they must be accepted as true.

There was evidence to show that after the due date of the first of the six promissory notes given by the defendant to the Shoreland Company, the other five prior to their maturity were delivered to one Jockmus as collateral security for notes of the Shoreland Company to him to a large amount, that they were given to him for a valuable consideration without notice on his part of any infirmity in them and that he subsequently became owner of them through foreclosure of such collateral. These five notes later were transferred and title was placed in the hands of the plaintiff for the purpose of bringing this suit. The defendant requested a ruling to the effect that the facts

that the notes bore consecutive numbers beginning with 2, were identical in general form and printing, in amount and place of payment, and were payable each six months to the day after one another in progression according to their numbers, that the parties were identical, that Jockmus was familiar with the nature of the business of the Shoreland Company and knew that these notes had been obtained from the same maker as part consideration of an agreement whereby the maker was to buy and the Shoreland Company was to sell real estate, were sufficient to put Jockmus on his guard and to affect him with notice of all defects that he would have discovered if he had made inquiry and with notice of any defences against all of said notes. This request was denied and a bill of exceptions raising this question was allowed.

There are two answers to the defendant's contention that this denial was reversible error. The first is that the request became immaterial and inapplicable in view of the finding of the trial judge already quoted that there was no equitable or other defence to the notes based on fraud or misrepresentations. A request for a ruling even though accurate as an abstract statement which is inapplicable to the facts rightly may be denied. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. *Whittaker* v. *Eastern States Engineering Corp.* 269 Mass. 451, 458.

Whether the request was correct in law is the subject of somewhat divergent decisions. *Morgan* v. *Farmington Coal & Coke Co.* 97 W. Va. 83. *Lockwood* v. *Noble*, 113 Mich. 418. See 64 Am. L. R. 457–463 for collection of cases. Without pausing to discuss the soundness of the defendant's contention in this particular, it is enough to say that where as in the case at bar the purchaser did not know that the first note was overdue, then the question at most can be whether there was knowledge of such facts that his action in taking the instrument amounted to bad faith. G. L. (Ter. Ed.) c. 107, § 79. There is nothing in this record to show such knowledge. *Reynolds* v. *Park Trust Co.* 245 Mass. 440, 446. *Russell* v. *Bond & Goodwin Inc.* 276 Mass. 458. *Standard Acceptance Corp.* v. *Chapin*, 277 Mass. 278,

281, 282.   See Bigelow, Law of Bills, Notes & Checks (3d ed.) §§ 467–486.   The decree was rightly entered.   *Bartholomew* v. *Waldorf System Inc.* 291 Mass. 357, 360.

<div align="right">

*Exceptions overruled.*

*Decree affirmed with costs.*