10 N.J. Super. 253 (1950)
77 A.2d 49
EASTERN ACCEPTANCE CORPORATION, A CORPORATION, PLAINTIFF-APPELLANT,
v.
WILLIAM KAVLICK AND CLARA KAVLICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1950.
Decided December 6, 1950.
*254 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Alan V. Lowenstein argued the cause for the appellant (Messrs. Riker, Emery & Danzig and Albert B. Melnik, attorneys. Mr. George H. Callahan, on the brief).
No appearance for respondents.
*255 The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment for defendants entered in the Camden County District Court.
Under date of January 10, 1948, the defendants executed and delivered a promissory note in the sum of $590.04 to the order of J. Rothman, Contractors. The note was endorsed and delivered to the plaintiff before maturity and for value. The endorsement was in the following form:

"Pay to the order of

EASTERN ACCEPTANCE CORPORATION WITHOUT RECOURSE
except that the undersigned indorser warrants that the undersigned has furnished and installed all articles and materials and has fully completed all work which constitutes the consideration for which this note was executed and delivered by the maker.
 J. ROTHMAN, Contractors
 By J. ROTHMAN
 (Dealer)
 Title Owner"
The District Court found that there had been a failure of consideration between the payee and the makers of the note but also found that when the plaintiff purchased the note "it had no notice or knowledge of the defenses of the defendants." Nevertheless it entered judgment for the defendants on the ground that since the note had been transferred to the plaintiff by a qualified endorsement it remained subject to all defenses between the payee and the makers.
It is well recognized that an endorsement "without recourse" is not restrictive under section 36 of the Uniform Negotiable Instruments Act (R.S. 7:2-36) but is a qualified endorsement which, under section 38 (R.S. 7:2-38), does not impair the negotiable character of the instrument. 5 U.L.A. (Part 1) p. 478 (1943). Its purpose is simply to exempt the endorser from liability for payment of the instrument in the event it is dishonored at maturity and its presence does not indicate that the endorser's title may be defective. Packard v. Woodruff, 57 Pa. Super. 176 (1914); Standard *256 Acceptance Corporation v. Chapin, 277 Mass. 278, 178 N.E. 538 (1931); Worth Saving Bank v. Foster, 175 Minn. 293, 221 N.W. 12 (1928); Lincoln Inv. Co. v. Metros, 257 Mich. 215, 241 N.W. 166 (1932); Exchange Bank v. Scholz, 49 Cal. App. 2d 232, 121 P.2d 526 (1942). In the Packard case Judge Kephart, in rejecting the contention that the use of the words "without recourse" puts subsequent holders on inquiry as to defenses existing between prior parties, expressed the view that "the purpose of the Negotiable Instruments Act, as it relates to an indorsement of this character placed upon an instrument, was to make the instrument as freely negotiable as it would have been had the indorsement been placed thereon without qualification."
In the light of the authorities we are satisfied that the plaintiff was not precluded from becoming a holder in due course of the note because the endorsement was without recourse. The remaining question is whether there were any other circumstances which constituted notice to the plaintiff of any infirmity or defect. Cf. Robertson v. Budzier, 229 Mich. 619, 201 N.W. 949 (1925), with Merchants' National Bank of Indianapolis v. Branson, 165 N.C. 344, 81 S.E. 410 (1914). The note represented payment to the contractor of the purchase price of heating equipment installed by him; however, under the prevailing view, mere knowledge of that fact or the possibility that the contractor might later default in his stipulated performance would be immaterial. United States v. Hansett, 120 F.2d 121, 122 (2d Cir. 1941). See B.A.C. Corp. v. Cirucci, 131 N.J.L. 93, 96 (Sup. Ct. 1944); Fabrizio v. Anderson, 62 A.2d 314 (Mun. Ct. of App. D.C. 1948); 100 A.L.R. 1357 (1936). When the note was delivered to the plaintiff no default whatever existed to its knowledge and the endorser warranted that there had been full performance on his part; there were somewhat similar warranties in West Side Trust Co. v. Krug, 117 N.J.L. 102 (E. & A. 1936) and Coffin v. May, 104 N.J.L. 347 (E. & A. 1928), where the endorsees were determined to be holders in due course. Cf. R.S. 7:2-65.
*257 Section 56 of the act (R.S. 7:2-56) provides that to constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or "knowledge of such facts that his action in taking the instrument amounted to bad faith." In Rice v. Barrington, 75 N.J.L. 806, 807 (E. & A. 1908), the court stated that this provision "establishes the rule that proof of circumstances calculated merely to arouse suspicion will not defeat recovery on a negotiable note taken for value before maturity." See also Mutual Finance Corp. v. Dickerson, 123 N.J.L. 62, 65 (Sup. Ct. 1939); First National Bank of Springfield v. DiTaranto, 9 N.J. Super. 246, 253 (App. Div. 1950). Assuming, solely for present purposes, that there may have been grounds for suspicion in the instant matter, it seems clear that the aggregate circumstances, considered in their light most favorable to the defendants, fell far short of establishing any bad faith on the part of the plaintiff within the terms of section 56.
We have concluded that the plaintiff was a holder in due course and that the District Court's ruling to the contrary was erroneous. R.S. 7:2-52. As a holder in due course it was not subject to the defense of failure of consideration available between the payee and makers. R.S. 7:2-57; R.S. 7:2-28; Lear v. Altschuler, 2 N.J. Misc. 746 (Sup. Ct. 1924); Warren v. Dilkes, 3 N.J. Misc. 1239 (Sup. Ct. 1925).
Reversed, without costs, and with direction that judgment for plaintiff be entered in the District Court.