*Western District*

*District Court of Northern Berkshire*

## EATON FACTORS, INC.

### v.

## LEON BECKWITH d-b-a
## BECKWITH'S SERVICE STATION

*Present:* Riley, P. J., Hobson and Noonan, JJ.

This is an action of contract in which the plaintiff seeks to recover $576.00 and interest representing the value of three negotiable trade acceptances made by the defendant payable to the Rubberseal Corporation and endorsed by said corporation to the plaintiff. The answer consists of a general denial and specially sets forth that the assignor of the plaintiff was and is a foreign corporation and had not complied with the provisions of G. L. c. 181, §§3 and 5 and therefore barred from bringing this action and further alleges special defenses of no consideration, failure of consideration and fraud.

The report sets out the following evidence offered at the trial:

The defendant conducted a gasoline service station on Ashland Street in North Adams; that on December 18, 1953, the defendant entered into a written contract with the Rubberseal Corporation of New York, the assignor of the plaintiff, for the purchase of 40 gallons of rubberseal compound for the sum of $576.00; that the Rubberseal Corporation made several agreements in said contract as to advertising, technical service and sales cooperation which were not kept by the assignor of the plaintiff; that the rubberseal compound was delivered to the defendant but was never used by him as the corporation never sent their factory representative to advise the defendant as to sales presentation and in the

proper method of using the compound; that the defendant signed three trade acceptances, all dated January 19, 1954, each in the sum of $192.00 and payable, two, three and four months after date; that on January 20, 1954, the Rubberseal Corporation sold the trade acceptances to the plaintiff in accordance with the terms of an agreement between the plaintiff and the Rubberseal Corporation dated January 8, 1954; that in addition to the trade acceptances, the Rubberseal Corporation also gave the plaintiff a copy of the contract dated December 18, 1953 between it and the defendant; that the plaintiff at the time it purchased the trade acceptances had knowledge of the conditions under which the defendant purchased the rubberseal compound.

At the close of the trial and after both parties waived their right to argue the case, the defendant made the following requests for rulings:

1. Upon all the evidence and the law, a finding for the defendant is warranted.

2. Upon all the evidence and the facts, the plaintiff is not a holder in due course.

3. Upon all the evidence and the facts, the plaintiff is charged with notice of the fraud and misrepresentation made by the plaintiff's assignor in the sale of property for which notes were given and thus prevents the plaintiff to whom the notes were assigned from being a holder in due course. *Stevens v. Mulcahy,* 261 Mass. 116.

4. Upon all the evidence and the facts, the plaintiff is not a holder in due course because it's title to the three

trade acceptances is defective in that the plaintiff's assignor obtained same by fraud and misrepresentation upon the defendant.

5. Upon all the evidence and the facts, a finding is warranted for the defendant because there was a failure of consideration.

6. Upon all the evidence and the facts, the plaintiff is not a holder in due course because the three trade acceptances were not taken by it before maturity.

7. The burden of proving the trade acceptances were endorsed before maturity is upon the plaintiff.

8. Upon all the evidence and the law, a finding for the defendant is warranted where the plaintiff's assignor failed to comply with the provisions of General Laws, chapter 181, sections 3 and 5.

9. Upon all the evidence and the facts, this action cannot be maintained because the plaintiff's assignor failed to comply with the provisions of General Laws, chapter 181, sections 3 and 5.

## The Court denied all the defendant's requests for rulings and at the request of the plaintiff, made the following rulings:

1. The failure of the defendant to deny the genuineness of his signature on his notes which are the subject of this case in the defendant's answer to the plaintiff's declaration, admits of their genuineness, as a matter of law.

2. The drawee of a note is primarily liable to the holder in due course.

3. The drawee of a note is primarily liable to the holder in due course and is not entitled to any presentment and demand from said holder in due course.

4. The plaintiff is a holder in due course of the three notes in this case, as a matter of law.

5. There is sufficient evidence to warrant a finding for the plaintiff, as a matter of law.

6. On all the evidence and all the pleadings, a finding for the plaintiff is required as a matter of law, for the following reasons:

   a. The defendant being a drawee of the notes in question is liable to the plaintiff who is a holder in due course.

   b. The defendant being the drawee and having accepted each instrument, fixed his liability to a holder in due course.

7. A trade acceptance and a bill of exchange are one and the same as a matter of law.

8. All notes having reached the date of maturity, are due and payable by the drawee to a holder in due course.

9. A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available in prior parties among themselves, and may enforce payment of the instrument for the full amount thereof, against all parties liable thereon.

The Court made no findings of fact and found for the plaintiff in the sum of $576.00 and interest.

The defendant claims to be aggrieved by the denial of all his requests and the granting of all the plaintiff's requests and by the finding for the plaintiff in the sum of $576.00 and interest.

The trial judge's general finding for the plaintiff is conclusive if there was any evidence to support it. *Commercial Credit Co. v. M. McDonough Co.,* 238 Mass. 73, 78.

The defendant contends that the plaintiff should not prevail for the following reasons:

1. That the plaintiff's assignor (Rubberseal Corporation) is a foreign corporation and has not complied with the provisions of G. L. c. 181, §§3 and 5 and that therefore the plaintiff is barred from maintaining this action.

2. That the plaintiff is not a holder in due course of the three trade acceptances sued upon; and

3. That if the plaintiff is deemed to be a holder in due course, it was not such a holder to the full extent of the trade acceptances drawn upon and accepted by the defendant.

■ With reference to the first contention, we feel that while there is nothing in the evidence, as stated in the report, showing whether or not the Rubberseal Corporation is a foreign corporation and as such has failed to comply with said c. 181, §§3 and 5, inasmuch as this defense is specially set up in the defendant's answer, we may assume that Rubberseal Corporation is a foreign corporation and did not comply with said c. 181, §§3 and 5. However, it is to be noted that in this action Eaton Factors, Inc. is the plaintiff and not the Rubberseal Corporation. In *Lewis v. Club Realty Co.,* 264 Mass. 588, 590, the Court says that:

"The validity of the statute restricting the right of foreign corporations to sue in the courts of this Commonwealth, if interstate commerce be not burdened, is not open to doubt . . . Plainly the foreign corporation itself could not maintain the action in its own name. It would be plain also that an assignee taking with notice could not maintain an action. To permit that to be done would in effect nullify the statute. Whether an innocent assignee for value may maintain the action depends upon further considerations. The contract here in suit is not negotiable. It is not governed by the law of negotiable instruments."

The Court then held that as that suit was brought upon a non-negotiable chose in action by Lewis in his own name under G. L. c. 231, §5, by virtue of the provisions of said c. 231,

§5, the assignee stood in the shoes of the assignor as to proceedings in court and could not maintain his action. We believe that in the Lewis case the inference is plain that it is, and we hold it to be, the law that an innocent assignee for value may maintain in his own name an action in our courts upon a negotiable instrument, even though his assignor was a foreign corporation which had failed to comply with the above statute. These trade acceptances have all the elements requisite to a bill of exchange as defined in G. L. c. 107, §149. *Jones v. Revere Preserving Co.,* 247 Mass. 225. They are negotiable instruments and the defendant does not contend otherwise.

To bring the plaintiff, as an assignee, within the provisions of said c. 181, §§3 and 5, the burden was on the defendant to set up in his answer that the plaintiff was not an innocent assignee for value, in other words, that the plaintiff knew that the Rubberseal Corporation was not a Massachusetts corporation and had failed to comply with said c. 181, §§3 and 5. *Friedenwald v. Warren,* 195 Mass. 432, 435. This the defendant did not do. Therefore, this defense is not open to the defendant and there was no error in the denial of requests 8 and 9.

We now consider the second contention of the defendant. The only claim is that the plaintiff is not a holder in due course because it had knowledge of the conditions under which the defendant purchased the Rubberseal compound at the time the said trade acceptances were sold to it.

The agreement was the only evidence offered by the defendant to support his claim that the plaintiff acted in bad faith at the time it purchased the acceptances. We can find no other evidence.

In *Gramatan Nat. Bank & Tr. Co. v. Moody,* 326 Mass. 367, 370, the Court says

"Under Section 79 (G. L. c. 107) 'To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.' . . . 'The rights of a holder of a negotiable instrument are to be determined by the simple test of honesty and good faith, and not by a speculative issue as to his diligence or negligence.' *Macklin v. Macklin,* 315 Mass. 451, 455. Suspicion by the plaintiff, or even reasonable cause to know that the facts were not such as Keystone represented them to be was not the equivalent of knowledge which would show bad faith on the part of the plaintiff in taking the note. *Reynolds v. Park Trust Co.,* 245 Mass. 440, 446. *Russell v. Bond & Goodwin Inc.,* 276 Mass. 458, 464. The plaintiff as the holder of a negotiable instrument 'is deemed prima facie to be a holder in due course; and the burden of establishing that Keystone's title was defective was on the defendants. If they failed to sustain this burden, no burden rested on the plaintiff to support by evidence its prima facie case that it was a holder in due course. G. L. (Ter. Ed.) c. 107, Sec. 82. *Beacon Trust Co. v. Ryder,* 273 Mass. 573, 575-576. We are of opinion that the evidence here failed to show knowledge on the part of the plaintiff of 'such facts that . . . (its) action in taking the instrument amounted to bad faith.' Conceding, without deciding, that the evidence would warrant a finding that the plaintiff had grounds for suspecting that

Keystone negotiated the note 'in breach of faith, or under such circumstances as amount to a fraud' (sec. 78) — and that is the very most that could have been found — it would not be the equivalent of knowledge which would show bad faith on the part of the plaintiff in taking the note. *Reynolds v. Park Trust Co.*, 245 Mass. 440, 446. *Russell v. Bond & Goodwin Inc.*, 276 Mass. 458, 464. *Standard Acceptance Corp. v. Chapin*, 277 Mass. 278, 282."

In *Commercial Credit Company v. M. McDonough Company,* 238 Mass. 73, it is held

"The fact, that an indorsee of a negotiable promissory note took title to the note with knowledge that it was given as a part of a conditional sale of a motor truck containing certain covenants, warranties and guaranties to be performed by the payee and indorser of the notes, does not prevent the indorsee from being a holder in due course under G. L. c. 107, sec. 80, where it does not appear that at the time when he received the notes as indorsee he had notice or knowledge of a breach of any of such covenants, warranties or guaranties."

In *Standard Acceptance Corporation v. Chapin,* 277 Mass. 278, 282, it is said

"Information that the would-be seller of a negotiable instrument is unscrupulous and has been concerned in shady or illegal transactions, is not enough of itself to render the purchaser from him one who does not take in due course . . . As was pointed out in *Fillebrown v. Hayward,* 190 Mass. 472, 480, 'neither knowledge of suspicious circumstances, nor doubts as to genuineness of the title, nor gross negligence on the part of the taker either singly or together are sufficient to defeat the holder's recovery, unless amounting to proof of want of good faith.' "

In the instant case there was no evidence that at the time the plaintiff received the

acceptances as indorsee it had notice or knowledge of a breach of the covenants, warranties or any of the provisions of the agreement between Rubberseal Corporation and the defendant. In fact, there could have been no breach at that time, the acceptances having been dated January 19, 1954 and endorsed and delivered to the plaintiff the very next day.

The evidence fell far short of that required to show on the part of the plaintiff actual knowledge or knowledge of "such facts that its action in taking the instruments amounted to bad faith." There was no error in denying defendant's requests 2, 3, 4 and 5, which dealt with the contention of the defendant just discussed.

We now consider the defendant's third contention. In support of this contention, the defendant cites G. L. c. 107, §50, which reads "Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value *to the extent of his lien."*

There is no merit in this contention of the defendant. As we construe the agreement between the Rubberseal Corporation and the defendant, as it is our right and duty to do under *Creighton v. Elwell,* 243 Mass. 580, it provided for the purchase of these acceptances by the plaintiff and when they were endorsed and delivered to it, it became the owner thereof. Said c. 107, §50 has no application to this case. The plaintiff having purchased the acceptances for a valuable con-

sideration, it was entitled to recover the full amount due thereon.

There was no prejudicial error in the denial of defendant's requests numbered 6 and 7. The evidence shows that all three trade acceptances were dated January 19, 1954, payable two, three and four months after date, and that on the next day, January 20, 1954, they were sold to the plaintiff by the Rubberseal Corporation. On this evidence the trial judge could warrantably find, as it is implied he did in making a general finding for the plaintiff, that the acceptances were endorsed before maturity. If there was any error in denying defendant's request No. 7, it became immaterial in view of this finding.

We have considered all of the defendant's requests for rulings, except Request No. 1, that upon all the evidence and the law, a finding for the defendant is warranted. Was there any prejudicial error in the denial of this request? We think not. In *Quality Finance Company v. Hurley,* 337 Mass. 150, the court says

> "The trial judge has made only a general finding for the defendant. In view of the plaintiff's first request (that the evidence warranted a finding for the plaintiff), the plaintiff's exceptions must be sustained if on the evidence the trial judge would have been warranted in finding for the plaintiff",

citing *Bresnick v. Heath,* 292 Mass. 293, 298; *Perry v. Hanover,* 314 Mass. 167, 173-176, and *Ricciardone v. Carvelli,* 334 Mass. 228, 231.

After a careful study of the evidence as set forth in the report and the exhibits attached thereto and made a part thereof, we are unable to find any evidence which would have warranted a finding for the defendant. Therefore, there was no prejudicial error in the denial of this request.

For the reasons stated above, we conclude that there was no prejudicial error on the part of the trial judge in his disposition of the defendant's requests for rulings nor in his disposition of the plaintiff's requests for rulings, and that there was ample evidence to sustain the trial judge's finding for the plaintiff. The report should be dismissed.