Walsh, P.J.
The plaintiff, a supplier of building materials, began this action by complaint against Paul D. Schmitter[2] and Edward T. Griffin, d/b/a S & G Builders, alleging that the defendants were indebted to it for the purchase of building materials and supplies. When suit was commenced on April 10, 1980, the plaintiff moved for and was allowed an ex parte attachment by trustee process naming The Trustees of Mount Holyoke College as trustee. The trustee was served by trustee writ and on May 1, 1980 answered that at the time of service on it, it had no goods, effects or credits of the defendants in its hands or possession. The defendants, Schmitter and Griffin, failed to answer and judgments entered against them by default.
The evidence shows how The Trustees of Mount Holyoke College became involved in the case. The trustee college owned building lots in South Hadley and it had a policy of loaning money to key personnel for the purpose of buying these lots and constructing homes thereon. These advances were up to a maximum of $36,000.00 and were evidenced by interim demand notes. Upon completion of construction, the house and land would be transferred to the employee involved who would then execute a definitive note and mortgage.
In the case before us, two lots were involved and in June and July of 1979 the two employees, who were the recipients of the advance loans, engaged the named defendants to build their homes. The plaintiff had concern regarding defendants’ credit and, after contacting the college, was made aware of the arrangement the college had with its employees. The plaintiff asked the college if it would issue checks in the joint names of the plaintiff and the defendants. The college indicated it would issue checks under the interim demand note as the employees wished but it could not guarantee anything and it could not issue any checks without permission or approval of the borrower.
On October 10,1979, the Associate Treasurer of the college sent a letter to the plaintiff confirming the fact the employees were building on the two lots owned by the college and that conveyance would be made in the near future. Also, that the sum of $36,000.00 was being held in escrow for each employee for building costs. Further, that the college would “make checks payable jointly to S & G Builders and Agway, Inc. upon submission of bills to Mount Holyoke College by *206 S & G Builders.”
A hearing was held and the Court found in favor of the college.
The defendant argues that the foregoing facts, with emphasis on the letter from the college, constitute a promise on the part of the college to make payments to the plaintiff. Also, that the letter from the college to the plaintiff was supported by consideration in the form of materials furnished by the plaintiff.[3]
However, we do not find that this is the issue involved. The college was never in the case as a defendant. It was merely served as a trustee and the only issue is whether at the time of service it had any goods and effects in its possession that were due the defendant. If, after hearing, it appeared that the college had no goods, effects or credits of the defendants, it should have been discharged. G.L. c. 246, § 13. The finding of the trial court, in effect, accomplished this.
Either party could and did present evidence as to what extent, if any, the college would be chargeable. G.L. c. 246, § 16. The court, after hearing, made extensive findings of fact, G.L. 246, § 17, which are briefly summarized. All checks were issued as the employees requested and none were issued jointly to plaintiff and defendants nor did the defendants ever submit a bill to the college requesting same. A finding was then made that the letter from the college to the plaintiff was not a promise to make payments to the plaintiff but showed a willingness to make checks payable jointly under certain conditions. It was also found that after December 1979 all the money in the accounts had been advanced and paid out as requested by the employees and the trustees held nothing at the time of service. See Brady v. Lichter, 329 Mass. 124, 128 (1951).
The facts as found by the trial justice clearly show that the college was not a trustee of any of the defendants’ funds. Had the college been properly a defendant in the case, the findings further show that the college incurred no liability by virtue of the letter from its officer to the plaintiff. These findings are conclusive if there was any evidence to support them. Scire v. Scire, 348 Mass. 768 (1964).
No error being found, the report is ordered dismissed.

 Patricia A. Schmitter was a named defendant only because she owned property jointly with the defendant, Paul D. Schmitter, but had no connection with any issue involved herein.

The plaintiff filed requests seeking rulings that the letter in question constituted a promise to pay the plaintiff, that it was supportd by consideration in the form of the materials furnished by plaintiff and that the terms of the letter were not fulfilled. The requests were denied and rendered immaterial by the judge’s findings of fact. Pemberton Sq. Operating Co. v. Lydon, 292 Mass. 63, 66 (1935).