McGuane, J.
The Plaintiff brought this action to recover the balance due on the amount of $2,421.20, plus interest, for electrical service rendered from June 1, 1981 to November 30, 1981. The Defendant denied that he was personally liable. He claimed it was a corporate obligation. The Trial Court found for Defendant. The Plaintiff appeals on the basis of error by the Trial Court in a number of its requests for rulings.
After trial the trial Judge entered the following findings of fact:
This is a complaint against an individual for electrical service rendered to a business and the issue is whether the defendant is personally liable for the bill.
The plaintiff’s business records carried the account in the defendant’s name personally and on March 1, 1978, the defendant had signed an application for service without indicating by any writing that he was signing for the corporation. However, the card did indicate that the service was being provided to a grocery store business.
The store had been incorporated since about 1972 and the plaintiff had always been paid by corporate check. For a couple of years prior to March 1978 the store was having economic problems. During this period it was under some sort of trust arrangement with its creditors.
The plaintiff was aware of this.
After the trust arrangement was terminated, a representative of the *299 plaintiff went to the store and requested that the defendant sign a new card.
I find that the plaintiff did business with the store over a considerable period of time and knew it was a corporation. Further that the plaintiff knew or should have known that when the defendant signed the service application, he was signing on behalf of the corporation. Also, that the defendant in signing did not intend to bind himself personally. The plaintiff had business dealings with the corporation over a period of years and was aware of defendant’s position with the corporation. The corporation was not an undisclosed principal. The plaintiff had actual knowledge of the corporation’s identity.
The report filed by the Trial Judge gave a summary of the testimony and exhibits before him and he had before him sufficient evidence on which to make the findings of fact as reported above.
The questions presented by the Plaintiff-Appellant relate to specific requests for rulings filed by him and acted on by the Trial Judge. After careful examination of all these requests we find no error and the report is dismissed.
Plaintiff claims appeal on the denial of his requests numbered 5,6,8,9,10,11, 12, 13, 14 and 15.
Requests numbered 5,9,11,12and 13 were clearly either requests for findings of fact or mixed questions of law and fact which the Trial Judge found inapplicable or immaterial in view of his factual findings.
Requests numbered 6,8,10,14 and 15 were properly denied by the Trial Judge for the reason that they were inapplicable or immaterial in view of his findings of fact.
Requests for Ruling are properly denied when they are inapplicable to the facts found by the Trial Justice. A correct ruling of law may be refused, not because it states an incorrect rule of law, but because it is rendered immaterial. A request for a ruling even though accurate as an abstract statement which is inapplicable to the facts, rightly may be denied. Pemberton Square Operating Co. v. Lydon, 292 Mass. 63; Revere Sink Corp. v. Fabco Metal Products, Inc. 57 Mass. Appellate Decisions 141.
The Trial Justice’s findings of fact were amply supported by the testimony summarized in the report. A Trial Justice’s findings of fact will not be reversed when based on valid evidence at trial.
The Appellate Division will not disturb a general finding of a Trial Justice when founded on sufficent evidence to support subsidiary facts essential for general findings. Berman v. Tyburski Electric Co., Inc. 57 Mass. Appellate Dec. 189.
Finding no prejudicial error, the Report in this case is dismissed.