ASHER MAURER, RESPONDENT, v. HENRY HAHN, IM-
PLEADED, ETC., APPELLANT.

Argued October 6, 1927—Decided January 30, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Joseph Kraemer*.

For the respondent, *Maurice S. Maurer*.

The opinion of the court was delivered by

PARKER, J.   Under section 15 of the Practice act of 1912
(*Pamph. L., p.* 377) and rule 80 of this court, the Circuit
Court ordered a summary judgment in favor of the plaintiff
as holder, and against the defendant-appellant as an "outside
endorser" of a promissory note bearing the signature of one
Morez Potocker (afterwards adjudged a bankrupt) as maker
and reading to the plaintiff as payee.   As we conclude that
plaintiff was not a "holder in due course" in the intendment
of the Negotiable Instruments act, and that the entry of a
summary judgment was erroneous, the facts must be stated
in some detail.

The plaintiff's brother, Herman Maurer, came to him and
recommended a loan to Morez Potocker on his endorsed note

of $3,000, at six months. The plaintiff acceded, gave Herman his check of $3,000 to the order of "Morris" Potocker, which was delivered by Herman to the latter and cashed. Herman brought back to plaintiff a note dated November 5th, 1926, by Morez Potocker as maker, payable at six months at a bank in Newark, and to the order of Asher Maurer. It was endorsed in blank: "Herman Potocker: Henry Hahn [the appellant]." Everything seemed regular enough but the affidavits disclose the following matters of fact, which could be accepted as true by a jury: "That Herman Maurer was the agent of plaintiff to deliver the check and accept the note; and, consequently, that the knowledge of Herman of any infirmity in the note was the knowledge of Asher, the plaintiff; that when Herman went with the plaintiff's check to Morez Potocker to get the note, that paper was in the following condition: The date was blank, the amount was blank, the time was blank, the payee's name was blank, and there was no signature of the maker. On the back Herman saw the endorsements (as the statute now calls them) of Herman Potocker and Henry Hahn. See *Comp. Stat., p.* 3742, § 63. This, of course, presented a typical situation of filling up blanks in an incomplete instrument. It further appears, and from Herman Maurer's own affidavit, that in his presence, Morez Potocker, the maker, filled in date, time to run, payee's name, the amount, signed it, and delivered it to Herman as agent of plaintiff, and that Herman then delivered the check.

Bearing in mind that the question now before us is not the liability of Morez Potocker the maker, which is indubitable, or of Herman Potocker, the first "endorser" (who, so far as appears, made no defense), but of Henry Hahn, the second endorser, the following provisions of the Negotiable Instruments act are applicable (*Comp. Stat., p.* 3738, § 30): "An instrument is *negotiated* when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof; if payable to bearer *it is negotiated by delivery;* if payable to order *it is negotiated by the endorsement of the holder completed by delivery.*" (Italics mine.)

*Comp. Stat., p.* 3741, § 52: "A holder in due course is a holder who has taken the instrument under the following conditions:

1. That it is complete and regular upon its face: * * *

IV. That at the time it was *negotiated to him* he had no notice of any infirmity in the instrument or defect in the title *of the person negotiating it."*

*Comp. Stat., p.* 3736, § 14: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein; and a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a *prima facie* authority to fill it up as such for any amount; in order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time; but if any such instrument, *after completion, is negotiated to a holder in due course,* it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

Recurring to the facts, we gather from the affidavit of appellant Hahn, that he was asked by the maker, a friend of his, to guarantee the payment of some purchases of coal which he expected to make, and which he said could be made on very advantageous terms with the aid of Hahn's endorsement, and that Hahn endorsed a blank note with the express agreement that it was to be used only as a guarantee in the purchase of coal; that he gave no authority to fill in the note for any purpose of discounting it, and that the insertion of plaintiff's name was contrary to his authority.

On the above facts, which at least raised a fair jury question as to the circumstances under which the note was endorsed in blank and thereafter filled up and delivered, and on the provisions of the statute above quoted, we reach the following conclusions:

1. That the note was not negotiated to the plaintiff in the sense specified in the statute. If Hahn had been named as payee, and the note in complete form delivered to plaintiff for value and without knowledge of any restricted authority, a different case might be presented; but in this case Hahn was not the payee and plaintiff was; the instrument was not complete until his name and the other details had been filled in. A note is not "negotiated" to its payee. *Asbury Park, &c., Co.* v. *Megill,* 102 *N. J. L.* 496.

2. By the same authority, plaintiff was not a holder in due course, because the instrument had not been negotiated to him.

3. Hahn was under section 14, a "person who became a party thereto prior to its completion." Hence, unless the instrument after completion was negotiated to a holder in due course he was not liable unless, again, it had been filled up strictly in accordance with the authority given; and that authority, in the matter of selecting a payee, was limited to naming the coal dealer from whom the maker, as he told Hahn, expected to buy.

The plaintiff relies on the decision in *Mechanics Bank* v. *Chardavoyne,* 69 *N. J. L.* 256, in which the present Chief Justice wrote the opinion of the Court of Errors and Appeals. It is to be noted, however, that the Mechanics Bank was not the payee named in the note, and particularly that the case did not arise under the Negotiable Instruments act, but under the common law. In the later case of *De Jonge* v. *Woodport Hotel and Land Co.,* 77 *Id.* 233, in the same court, the same Chief Justice applied the statute to a note ostensibly of the company as maker, signed by its treasurer, to the order of one McLoughlin, and endorsed by him to the plaintiffs. It was held error to exclude testimony tending to show that McLoughlin, payee, had taken the note for the treasurer's individual debt, as such testimony indicated defective title in the payee and would have put the plaintiffs to their proof of being holders in due course. The case, though not precisely in point, is illustrative of the fact that the administration of the law of negotiable instruments is now de-

pendent upon the construction of the language of a statute, and that a plaintiff, in order to recover, must bring himself within its terms. This the present plaintiff so far has, as we think, conspicuously not done.

' The judgment is reversed and the case will be remanded to take its ordinary course.