ASHER MAURER, RESPONDENT, v. HENRY HAHN, APPELLANT.

Submitted May 28, 1930—Decided February 2, 1931.

For the respondent, *Philip J. Schotland.*

For the appellant, *Kraemer, Siegler & Siegler (Joseph Kraemer,* of counsel).

The opinion of the court was delivered by

McGLENNON, J. This case is brought by the plaintiff, in Essex Circuit Court, as the holder and payee therein named, of a certain promissory note for $3,000, signed by Morez Potoker, and endorsed by Herman Potoker and Henry Hahn. The suit is against the endorsers alone, the maker having been previously adjudged a bankrupt. The case has been the subject of litigation in our courts for some time. Henry Hahn, alone, interposed a defense, the gist of which is, so far as is now relevant, was a contention that as accommodation endorser, he signed a blank note to be used as a guar-

antee for the payment of coal, to be purchased by the said Morez Potoker, who, unlawfully and without the consent of the defendant, wrote in the writings and figures that appear in the copy annexed to the complaint; and that the plaintiff took the same as an incomplete instrument or with notice through his agent of the fact that the instrument had been filled in contrary to the authority given by the said Hahn, and because of this the plaintiff was entitled to recover. The plaintiff thereupon moved to strike the answer as sham and frivolous and as not constituting a legal defense. After hearing upon affidavits of both parties, the court struck out the answer and ordered judgment final in favor of the plaintiff and against the defendant Hahn for $3,032.36, together with costs, which proceedings are included in the state of the case on the present appeal. From this summary judgment, the defendant appealed to the Supreme Court, which reversed the judgment and remanded the case to take its ordinary course. The opinion of the Supreme Court is reported in 104 *N. J. L.* 254, and the facts are there set forth at length.

From this reversal, the plaintiff appealed to this court, which sustained the action of the Supreme Court in reversing the summary judgment, on the ground that the affidavits submitted at the summary hearing raised a fair jury question as to the circumstances under which the note was endorsed in blank and thereafter filled in and delivered, and that the awarding of a summary judgment in favor of the plaintiff against the defendant was erroneous. But, while this court in its opinion, reported in 105 *N. J. L.* 494, directed a plenary trial, it did not approve of the views of the Supreme Court, that a payee cannot be a holder of a note in due course within the meaning of the "Negotiable Instruments act."

The case was then brought on for trial under the pleadings, in the presence of the Circuit Court judge and jury, where all witnesses for the parties were produced, examined and cross-examined at length, and at the conclusion of the

case, on motion, the trial judge directed a verdict in favor of the plaintiff for the sum of $3,481.96 and costs.

Thereupon, defendant Hahn again appealed to this court from said judgment, and the only ground specified and argued is, that the trial court erred in directing a verdict for the plaintiff against the defendant. There also appears, by separate memorandum filed with the printed state of the case, an order made by the Circuit judge striking out certain pages of the state of the case on appeal, prepared by the defendant-appellant, on the ground that they are not properly attached and made a part of the state of the case. The appellant, thereupon, moved this court for an order setting aside this latter action on the ground that the parts stricken out are properly part of the record on appeal, and material in the consideration and determination of the point made by the appellant. It was stipulated that this motion be considered in conjunction with the main appeal, and we have concluded to allow the printed state of the case to stand as printed, for what it may be worth in disposing of the case on its merits.

The disposition of the case, therefore, depends upon the sole question whether the direction of a verdict in favor of the plaintiff was justified by the proofs adduced at the trial, or whether the matter should have been submitted to the jury. Counsel agreed at the trial, that the case had narrowed down to the proposition whether or not there was any proof to go to the jury on the question of whether or not Herman Maurer was the agent of his brother, Asher Maurer, the plaintiff in the case. The trial court based its direction of a verdict upon its views that the proofs showed that Asher Maurer did not, in fact, know of any defect in the instrument, which was complete when it reached his hands, and that the uncontradicted testimony would not justify a jury finding that Herman Maurer was the agent of the plaintiff, Asher Maurer.

After a careful reading of the proofs at the trial, we conclude that the trial judge did not err in directing a verdict. These proofs make clearer the facts and their significance.

These affidavits were shown witnesses at the trial and largely quoted from, clarified and explained in more exact detail. It now seems clear, that the part Herman Maurer took in the whole transaction, so far as it concerns the plaintiff, was merely a messenger, to convey the plaintiff's check to the maker of the note, and bring back the note agreed upon to the plaintiff. It further appears, that at the beginning, the maker requested a loan from Herman Maurer, to be secured by a note of Potoker, endorsed by said Hahn, and Herman Maurer similar to previous transactions between them; that Herman Maurer himself, not being in a position to do this, went to the plaintiff to urge him to make this loan in similar form of note, to which the plaintiff agreed, delivered his check to Herman Maurer, and received back the note complete in form, as Herman had promised to procure for him. Nothing in these circumstances would put the plaintiff upon notice of any infirmity in the instrument, or defect in the title of the person negotiating it, and it was delivered to him after completion, in perfect form as agreed. Herman was the active agent of the maker to secure this loan, and himself a party to the transaction, as endorser, and any knowledge acquired by him as to unauthorized filling up blanks by the maker, for whom he was acting, cannot be charged as notice to the plaintiff, and any concealment of any infirmity from the plaintiff, under the circumstances, would be a fraud upon the plaintiff connived in by the maker. But it does not appear that even Herman had been told of any arrangement between the maker and defendant Hahn, which would not authorize the plaintiff's name to be inserted as payee; and the testimony of Hahn clearly shows that he authorized the filling in of payee's name by the maker. We can see nothing in the proofs but that Hahn, an experienced lawyer, clearly knew this paper to be intended as a negotiable promissory note, endorsed by him, with authority to the maker to fill in blanks as necessary, in order to raise money, even though he trusted entirely to the maker to use the money, when obtained, for some purpose intended or revealed only between them. There is no proof that the money

was diverted from its alleged purpose as stated by Hahn, nor of any legal damage resulting to Hahn, because of any such diversion.

It is urged that our prior decision on review from the summary judgment, should be treated as *stare decisis*. This is a misconception. Under the statute in such cases, the court of the first instance inquires into the situation, when defendant offers affidavits, to the extent only of determining whether he has shown enough facts or dispute of facts as entitles him to defend the cause in regular course. The proceeding is not a decision on the facts of the case, nor does it in anywise limit the proofs at a trial in ordinary form, and our prior decision had no greater effect than to order such a course. At any event the present proofs, under review, would not be sufficient to sustain a verdict for the defendant.

Upon this record, under the authorities quoted in our prior opinion, we hold that the plaintiff is a payee named in a promissory note, who purchased it complete in form for value, before maturity, in good faith and without notice of any infirmity in title or otherwise, and is a person to whom it had been negotiated as holder in due course.

For the foregoing reasons, the judgment of Essex County Circuit Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.