WEST SIDE TRUST COMPANY, A TRUST COMPANY INCORPORATED UNDER THE LAWS OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JACOB KRUG, MARGARET KRUG AND HOWARD MYERS, DEFENDANTS-APPELLANTS.

Submitted May 29, 1936—Decided October 2, 1936.

For the defendants-appellants, *Hudspeth & Harris* (*Harry H. Harris*).

For the plaintiff-appellee, *Bilder, Bilder & Kaufman*.

The opinion of the court was delivered by

BODINE, J.   Plaintiff, a banking corporation, sued upon a promissory note executed by the defendants.   It appears that the instrument was complete and regular upon its face and was obtained for value before maturity in the regular course of business.   Upon motion, the answer was properly struck and judgment entered for the plaintiff.

The answer alleges that the note was given for refrigerator equipment sold under an implied warranty that it would effectively cool and refrigerate the beverages to be sold by the defendant Jacob Krug.   This warranty was alleged breached.

The proofs indicate that at the time the bank discounted the note there was also delivered to it a certificate signed by the defendants Krug, indicating that the equipment sold had been delivered and installed as required by the contract, and that the same had been accepted as satisfactory.

The defendants' proofs indicate that the note was not to

be used until the contract for installation had been properly executed and performed and that all the papers were signed in blank.

The holder in due course of a negotiable instrument takes free from defenses available to prior parties. Section 57, *N. I. L.;* 3 *Comp. Stat., p.* 3741; *Coffin* v. *May,* 104 *N. J. L.* 347.

In the hands of such holder, a valid delivery by all prior parties is conclusively presumed. *N. I. L.* 16.

Even if the instrument was not complete at the time of delivery, the person in possession thereof has *prima facie* authority to complete it by filling in the blanks and after completion, if negotiated to a holder in due course, it is valid and effectual for all purposes. *N. I. L.* 14; 3 *Comp. Stat., p.* 3736. See, also, *Rice* v. *Barrington,* 75 *N. J. L.* 806.

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Section 56, *N. I. L.;* 3 *Comp. Stat., p.* 3741.

There is not a scintilla of proof that the trust company before purchase had any knowledge of any of the alleged defects and infirmities in the instrument, or knowledge of such facts that its action in taking the same amounted to bad faith.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.