HUDSON COUNTY NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, PLAINTIFF-RESPONDENT, v. ALEXANDER FURS, INC., AND ALEXANDER KOGAN, DEFENDANTS-APPELLANTS.

Submitted May 15, 1945—Decided September 27, 1945.

For the appellant, *Cassman & Gottlieb (Harry Cassman,* of counsel).

For the respondent, *Platoff & Platoff (John N. Platoff,* of counsel).

The opinion of the court was delivered by

FREUND, J. This is an appeal from a directed judgment in favor of the plaintiff against the defendants.

The Hudson County National Bank instituted suit against Alexander Furs, Inc., and Alexander Kogan on a certain promissory note, dated April 17th, 1944, for the sum of $15,000 payable to Fox Fur Buying Company, or order, on June 1st, 1944, at the offices of the appellant's attorneys. The complaint alleges that prior to the delivery of said note to the payee, the defendant Alexander Kogan endorsed said note and that prior to maturity the payee endorsed said note to the plaintiff for value. The complaint further alleges that on the due date the note was presented for payment at the place where it was payable but was not paid and was protested for nonpayment. The plaintiff demanded payment of the proceeds.

The defendants filed an amended answer admitting that Alexander Furs, Inc., was the maker of the note, that Alexander Kogan endorsed the note prior to its delivery to Fox Fur Buying Company, the payee, but deny that the payee prior to maturity endorsed the note to the plaintiff for value, and further deny that the note was presented for payment on the due day at the place where it was payable, but admit that the note was not paid. The defendants also deny that the note is the property of the plaintiff and deny the amount alleged to be due and owing from the defendants to the plaintiff.

The defendants allege by their defenses and counter-claim that the plaintiff had knowledge, prior to the plaintiff's purchase of said note, of a written agreement made between the defendant Alexander Furs, Inc., as seller and Rosalie L. Fox and Esther Lillienthal, as buyers, of certain fixtures and a lease, and of a written assignment executed by Alexander Furs, Inc., to Fox Fur Buying Co. assigning the consideration mentioned in said written agreement, and that the buyers in order to induce the seller to enter into said agreement agreed to and did loan the seller the sum of $15,000 on a promissory note. By reason of the foregoing, the defendants charge that the plaintiff took the note in suit subject to the conditions stated in said agreement and assignment. The

defendants claim to have suffered damages, as the buyers under the said agreement notified the defendant, Alexander Furs, Inc., prior to the maturity of said note, that they would not consummate the agreement of purchase, nor pay the sum of $15,000 agreed to be paid under said agreement.

On the trial, the plaintiff proved the note, the amount due and then rested, thereby making a *prima facie* case.

The defendants then proceeded to present their proof by calling the defendant Alexander Kogan but elicited no evidence from this witness to substantiate the defenses or counterclaim. On the questions of good faith of the plaintiff and of its being a holder in due course, the defendants called as its witnesses the note teller of the plaintiff bank, the president of the bank and the attorney of the payee who negotiated the sale of the note to the plaintiff. Their testimony revealed that on May 20th, 1944, the plaintiff purchased or discounted the note in suit. These defense witnesses also testified that the proceeds of said note were credited to the account of the Fox Fur Buying Company. No further material evidence was submitted.

The appellants have stated a number of grounds of appeal —but brief only two points, so it must be assumed that the grounds of appeal not briefed have been abandoned. The two points briefed by the appellants are (1) the note was not discounted by the plaintiff in good faith and therefore the plaintiff was subject to the defenses which the defendants would have against the original payee and (2) that the plaintiff was not a holder in due course because the note was not regular on its face.

The evidence submitted clearly reveals that the bank came into possession of the note in the ordinary and usual course of its business. The defendants charge the bank with bad faith in acquiring said note but fail to point out the specific evidence to sustain the allegation of bad faith. The defense of bad faith or fraud is never to be assumed, it must be shown by clear and unequivocal testimony. Mere suspicion is not enough. *R. S.* 7:2-52, 7:2-55, 7:2-56, 7:2-57.

"Bad faith, *i. e.*, fraud, not merely suspicious circumstances, must be brought home to a holder for value whose rights

accrued before maturity, in order to defeat his recovery on a negotiable note upon the ground of fraud in its inception or between the parties to it." *Rice* v. *Barrington,* 75 *N. J. L.* 806, and cited with approval in *Davis* v. *Clark,* 85 *Id.* 696; *Mutual Finance Corp.* v. *Dickerson,* 123 *Id.* 62; *Irvington Trust Co.* v. *Maurer,* 8 *N. J. Mis. R.* 565; affirmed in 108 *N. J. L.* 404, and *Landau* v. *Schmitz,* 130 *Id.* 509.

It is impossible to ascertain from the contentions of the defendants in just what respect the plaintiff is alleged to be guilty of bad faith. It is assumed that the defendants' argument is predicated upon the implicit, but unexpressed, assumption by the defendants that the plaintiff had knowledge of the collateral agreement and assignment mentioned aforesaid, which agreement it is alleged was breached by the buyers and which it is further contended gives the defendants a right to offset against Fox Fur Buying Co., the payee, who is not a party to this suit. *R. S.* 7:2–56:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

See, also, *Aldrich* v. *Peckham,* 74 *N. J. L.* 711; *West Side Trust Co.* v. *Krug,* 117 *Id.* 102, and *B. A. C. Corp.* v. *Cirucci,* 131 *Id.* 93.

There is not a scintilla of proof that the plaintiff before the purchase of said note had knowledge of any of the alleged defects or infirmities in the note, or knowledge of such facts that its action in taking the same amounted to bad faith.

*R. S.* 7:2–52 provides four conditions under which a holder is a holder in due course. Defendants contend that the note is affected by the first condition, namely "that it is complete and regular upon its face." The maker of the note was "Alexander Furs, Inc., By: Alexander Kogan." Defendants argue that the lack of the title of the corporate office held by Alexander Kogan after his signature renders the note incomplete and irregular. *R. S.* 7:2–1 makes provision as to what constitutes a negotiable instrument. The defendants' answer

admits that the defendant Alexander Furs, Inc., made and delivered to the payee the note in suit and further admits that defendant Alexander Kogan endorsed said note. The attorney for the Fox Fur Buying Company testified that the payee had made the loan to Alexander Furs, Inc., and that the canceled voucher of the payee payable to Alexander Furs, Inc., was shown to the president of the bank and was marked as a "loan" on the check and also endorsed "for deposit to the credit of Alexander Furs, Incorporated." The answer and exhibits attached thereto reveal that the defendant Alexander Kogan, who executed and delivered the note, was president of the defendant Alexander Furs, Inc., and the owner of all of its capital stock. There was no evidence that the defendant Alexander Kogan was not authorized to sign the note for and on behalf of the maker. *R. S.* 7:2–20; *Field* v. *Lukowiak,* 114 *N. J. L.* 268. The note was endorsed by defendant Alexander Kogan in his individual capacity, and he thereby warranted that the instrument at the time of his endorsement was valid and subsisting. *R. S.* 7:2–65 and 66; *Security Trust Co.* v. *Giglio,* 4 *N. J. Mis. R.* 350.

The defendants had the burden of establishing proof which would have justified the court in submitting the facts to the jury to decide the factual issues raised by the defendants' pleadings. This the defendants failed to do and the court below properly directed a verdict in favor of the plaintiff. *Polhemus* v. *Prudential Realty Corp.,* 74 *N. J. L.* 570; *Trustees System Company of Newark* v. *Lisena,* 106 *Id.* 549.

The judgment below in favor of the plaintiff and against the defendants is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 14.

*For reversal*—None.