9 N.J. Super. 246 (1950)
75 A.2d 907
FIRST NATIONAL BANK OF SPRINGFIELD, NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CHARLES G. DI TARANTO, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1950.
Decided October 18, 1950.
*248 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Herbert A. Kuvin argued the cause for the plaintiff-appellant.
Mr. David A. Rappeport argued the cause for the defendants-respondents.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The plaintiff, First National Bank of Springfield, New Jersey (hereinafter referred to as the "Bank"), instituted its suit to enforce payment of a promissory note made by defendants to the Tidey Heating and Specialty Company and purchased by the plaintiff from Tidey. A verdict of no cause of action was returned by the jury and the Bank appeals the judgment entered thereon.
Plaintiff advances the following grounds for reversal of the judgment, viz.: (1) the court erroneously admitted hearsay evidence between the maker and payee, not made in the presence of the plaintiff, its agents or servants; (2) the court erroneously excluded evidence material to the issues raised by *249 the pleadings and pretrial order; (3) the court permitted the introduction of issues outside of the pleadings and the pretrial order and submitted them to the jury; (4) the court erroneously denied plaintiff's motions for judgment in its favor; (5) the jury's verdict was contrary to the law and the facts in the case; and (6) the court erroneously refused to admit evidence to permit the plaintiff to recover as an assignee of the obligation.
On August 5, 1948, the defendants having entered into an agreement with the Tidey Heating and Specialty Company for certain heating and plumbing work, made an application through Mr. Samuel E. Tidey, Jr., to the Bank, to borrow the sum of $1,282.50, on an F.H.A. improvement loan to finance the cost thereof. Thereupon, the Bank made inquiry and satisfied itself as to defendant's credit standing. On August 20, 1948, Tidey presented to the Bank the note and certificate that the work had been completed, both signed in blank. The note was thereupon filled in by Mr. Richards, cashier of the Bank, by inserting the date, amount and monthly installments, in conformity with the terms of defendants' written loan application. Tidey endorsed the note over to the Bank and the latter credited Tidey's account with the proceeds thereof. The defendants testified that the note was delivered to Tidey in blank and that he breached an agreement made between them that it was not to be negotiated or payment procured thereon until after the completion of the work. No proof was proffered that prior to or at the time of the negotiation of the note by Tidey, the Bank, or any of its agents or employees, had any knowledge or information that there was any secret agreement between Tidey and the defendants, and that Tidey had breached it. Immediately after the Bank purchased the note, it mailed to the defendants the usual federal housing installment payment book. No payment was made on account of the note and the Bank thereupon notified defendants of their default. The information that Tidey had not completed his work was not brought to the Bank's notice until about two months subsequent to *250 its acquisition of the note, when Mrs. Di Taranto, having received the Bank's notice of default, for the first time imparted the information to Mr. Richards, cashier of the Bank. Under date of February 15, 1949, Mrs. Di Taranto wrote to the Bank and enclosed a postdated check for $50. She stated that she was very much surprised that the payments had not been taken care of by Mr. Tidey; that he had promised to make them until he could replace the money to do the job which he had never done; that she could not pay the installments then in arrears and requested the Bank to accept the check on account until she was able to make up the difference or obtain funds from the sale of another property. At the completion of the defendants' evidence and again at the end of plaintiff's rebuttal testimony, the court denied plaintiff's motions for judgment in its favor. The court submitted the case to the jury on the question as to whether the Bank had acted in good faith when it took the note and whether it was taken for value without notice of the alleged breach of agreement.
Defendants contend that plaintiff was not a holder in due course as defined by R.S. 7:2-52, in that the note when taken by the Bank was "not complete and regular upon its face." The defendants do not say that Tidey had no authority to fill out the note, but that he breached an agreement not to negotiate it until the work was completed. A holder of a negotiable instrument has implied authority to fill the blanks in the instrument. R.S. 7:2-14. The fact that the person taking it is aware that the instrument contained blanks when executed is held not to impose upon him the duty of inquiry as to the extent of the holder's actual authority, so as to affect his bona fides. It by no means follows that the possessor of a blank signature holds it under an agreement to fill it up for a particular amount, or dispose of it in a particular mode; a much more natural presumption is that he is vested with a discretion in relation to it, and that, in the language of Lord Mansfield cited from Douglass  "it is a letter of credit for an indefinite sum." Accordingly, *251 it has been held immaterial that the blanks are filled in in the presence of the person who advances money thereon, and that the fact that the maker of a note fills it up in the presence of the payee does not create a presumption that he is exceeding his authority. Having executed a note in blank as to the amount, with the intention that the blank shall be filled before being negotiated by the person in whose possession it was placed after signature, third persons dealing with the person in possession have the right to presume that the authority to fill the blank was a general and not a special authority, and they are not bound by any private instructions as to the amount to be inserted in the note. 8 Am. Jur., "Bills and Notes," § 418, p. 158. Mechanics Bank v. Chardavoyne, 69 N.J.L. 256 (E. & A. 1903); Hudson County Nat. Bank v. Alexander Furs, Inc., 133 N.J.L. 256 (E. & A. 1945); Central Savings Bank Co. v. Barber, 92 N.J.L. 31 (Sup. Ct. 1918). Defendants rely upon the case of Maurer v. Hahn, 104 N.J.L. 254 (Sup. Ct. 1928), wherein the trial court entered summary judgment upon affidavits submitted by the respective parties. On appeal to the Supreme Court, the judgment was reversed on the ground that the affidavits presented a jury question. On appeal to the Court of Errors and Appeals, that court (105 N.J.L. 494, 1929), while approving the Supreme Court's direction for a plenary trial, did not approve of the views of the Supreme Court that a payee cannot be a holder of a note in due course within the meaning of the "Negotiable Instruments Act." The Circuit Court, at the conclusion of a second trial thereof, directed a verdict in favor of the plaintiff. On appeal, the Court of Errors and Appeals (107 N.J.L. 338, 1931), held, inter alia, that "* * * We can see nothing in the proofs but that Hahn, an experienced lawyer, clearly knew this paper to be intended as a negotiable promissory note, endorsed by him, with authority to the maker to fill in blanks as necessary, in order to raise money, even though he trusted entirely to the maker to use the money, when obtained, for some purpose intended or revealed only between them. * * *"
*252 The defendants' principal contention appears to be that Tidey violated the alleged agreement made between them in that he negotiated the note prior to the actual completion of the work. However, the defendants overlook the fact that both they and Tidey signed the completion certificate, and then entrusted it to Tidey to deliver to the Bank. Immediately above the defendants' signatures, this certificate had printed thereon:

 "NOTICE TO Do not sign this Certificate until the work or the
 BORROWER materials have been satisfactorily completed or delivered.
 The selection of a dealer, the acceptance of
 materials used and work performed is YOUR responsibility.
 Neither the FHA nor the financial
 institution guarantee the material or workmanship
 or inspect the work performed."

No evidence was introduced by the defendants that the Bank had any notice or knowledge at the time the note was negotiated and the proceeds thereof paid over to Tidey, that the work had not been completed or that Tidey was not to negotiate the note or procure any money thereon until the contract was completely performed. If, under the circumstances, Tidey breached the agreement between him and the Di Tarantos, that defense was not available to the defendants against the Bank in view of the fact that there was no proof that the Bank had any notice or knowledge thereof until long after it had acquired the note for a valuable consideration. The fact that an instrument is contingent or conditional, that fact not appearing on the instrument, does not make a failure of the condition or contingency a defense against a holder in due course, although such a defense is available against one taking the instrument with knowledge or chargeable notice that the instrument is contingent or conditional. 8 Am. Jur., "Bills and Notes," § 572, p. 272. "The use of an instrument or its proceeds for a purpose different from that for which an accommodation was given on it is not a defense available to the accommodating party against a holder in due course, a holder for value who took the instrument without notice *253 of the diversion, irrespective of his status as a holder in due course, or a holder protected by the operation of an estoppel, but it is a defense against a holder who took the instrument with notice of the diversion." 8 Am. Jur., "Bills and Notes," § 572, p. 273. Mechanics Bank v. Chardavoyne, supra; Hudson County Nat. Bank v. Alexander Furs, Inc., supra; West Side Trust Co. v. Krug, 117 N.J.L. 102 (E. & A. 1936). Evidence of fraud, not merely suspicious circumstances, must have been brought home to the Bank as a holder for value whose rights had accrued before maturity, in order to defeat its recovery upon the ground of fraud in the inception of the negotiable note or between the parties to it. Hudson County Nat. Bank v. Alexander Furs, Inc., supra. To constitute notice to the Bank of the alleged infirmity in the note or defect in the title of Tidey who negotiated it, the Bank must have had actual knowledge of the infirmity or defect or knowledge of such facts that the action amounted to bad faith. Hudson County Nat. Bank v. Alexander Furs, Inc., supra. Here, there is no such proof.
The record reveals that at the trial the court permitted testimony raising issues that were not within the scope of the pretrial order. The only issue is, was the Bank a holder in due course, did it pay value therefor without notice or knowledge of the alleged infirmities therein?
There was no error in the court's refusal to permit plaintiff to introduce evidence of conversations with a former attorney of defendants. No claim having been made in the Bank's complaint or the pretrial order, that it was entitled to recover as assignee of the obligation, there was no error in the court's exclusion of plaintiff's testimony to establish such a claim.
The judgment is reversed. Costs to abide the event of a re-trial.